THE STATE OF OHIO, APPELLEE, *v.* CIMPRITZ, APPELLANT.

(No. 328—Decided June 3, 1952.)

*Mr. Webb D. Tomb,* for appellee.
*Mr. Francis M. Marley,* for appellant.

GUERNSEY, J. This is an appeal on questions of law from a judgment of conviction and sentence, by the Common Pleas Court of Seneca County, Ohio, rendered upon a verdict of guilty of an offense charged in an indictment returned by a grand jury of said county.

The indictment mentioned is based on the provisions of Section 12439, General Code, which reads as follows:

"[Having possession of burglar's tools.] Whoever has or keeps in possession tools, implements, or other things used by burglars for house breaking, forcing doors, windows, locks or buildings, or other places where goods, wares, merchandise or money are kept, with the intention of using such tools or implements burglariously, shall be imprisoned in the penitentiary not less than one year nor more than five years."

Omitting the formal parts of the indictment, it is in words and figures as follows:

"That Frank Cimpritz on the 6th day of December, 1951, at the county of Seneca aforesaid, unlawfully did have in his possession certain implements, to wit; one 26-inch wrecking bar; one 8-pound sledge hammer; one 11-inch cold chisel; one rubber mallet and one 2-wheel freight truck, commonly used by burglars for breaking and entering houses and other buildings, with intent then and there feloniously and burglariously to use and employ the said implements, he, the said Frank Cimpritz, then and there well knowing said implements to be commonly used by burglars for breaking and entering houses and other buildings, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Ohio."

By agreement of the parties this cause was tried by and submitted to a jury with cause No. 3481 in the Common Pleas Court of Seneca County, wherein the defendant was charged with the crime of attempted burglary.

Among the exhibits introduced in evidence at the trial were the items of property described in the indictment above set forth, and a large crowbar or wrecking bar, being state's exhibit No. 10, not mentioned in said indictment.

The evidence in the case proves conclusively that the items mentioned in the indictment above set forth were all found in the trunk compartment of a 1941 Cadillac automobile which was owned and operated by the defendant. Said automobile, at the time it was discovered by members of the police department of the city of Fostoria, was being driven by the defendant in a northerly direction on Town street in said city and turned to the right about 300 yards south of Sandusky street in said city, into a dead-end street or

driveway running in an easterly direction from said Town street and known as Stadium drive. It was stopped by members of said police department while it was being driven by the defendant in a westerly direction on said Stadium drive towards Town street. The trunk compartment of the automobile was locked at the time it was taken into custody by the police officers. The police officers were unable to locate the key to the trunk compartment.

The items mentioned in the indictment were found by the police officers after said automobile had been taken by them to the police station and later to a garage where a garage mechanic, at the request and under the direction of the police officers, had removed the rear seat of the automobile, thereby giving access to said trunk compartment.

There was no evidence that said automobile was seen or discovered by any of the members of said police department or any witness in the cause, other than defendant, prior to the time it was so discovered, stopped and taken into custody by the members of the police department. At the same time the automobile was taken into custody the police arrested the defendant.

About 15 minutes before said automobile was taken into custody by the police and the defendant arrested, the metal crowbar or wrecking bar, state's exhibit No. 10, was found by police officers at the entrance to Al's Supermarket. At the time it was found by the police officers said bar was leaning in an upright position in a groove of a pillar in the front entrance of Al's Supermarket. There were indentations in the door and door frame of the front entrance of said store showing that said bar had been used in an attempt to pry open said entrance door.

Shortly before the bar was found, the defendant had been observed by a police officer standing near

said entrance and stooping over to pick up some object which he placed in an upright position in the corner where said bar, state's exhibit No. 10, was subsequently found.

All the implements mentioned as burglar tools in the indictment are implements in common use for lawful purposes so that, by Section 12439, General Code, it was incumbent upon the state to prove that the implements mentioned in the indictment were intended by the defendant to be used burglariously.

The large crowbar or wrecking bar, state's exhibit No. 10, found at the entrance of the store was of the same character in this respect as the implements described in the indictment.

The evidence in the case tends to prove beyond a reasonable doubt that the large crowbar or wrecking bar, state's exhibit No. 10, was intended by the defendant to be used burglariously, as it was so used. But there is no evidence tending to prove that the implements mentioned in the indictment were intended by the defendant to be used burglariously or that said implements were so used. There is no evidence that the large crowbar or wrecking bar, state's exhibit No. 10, was ever in the possession of the defendant except at the time he picked up the same near the entrance to the store and placed it in an upright position in said entrance.

There is no evidence that any of the implements described in the indictment were at any time at or near the entrance of said store, which was attempted to be burglarized. Consequently, there is no evidence tending to prove that the implements described in the indictment were intended to be used burglariously.

The intention of the defendant to use said implements burglariously is an essential element of the offense charged in the indictment and the defendant

should not be convicted of such offense without such proof.

Among his assignments of error, defendant assigns error in the refusal of the court to grant his motion for a directed verdict made at the close of the state's case.

An examination of the record discloses that the defendant did not stand on this motion but introduced evidence on his defense in chief, and that at the conclusion of all the evidence in the case the defendant failed to renew said motion for a directed verdict. This conduct of the defendant is a waiver of his motion made at the conclusion of the state's case and the refusal of the trial court to grant said motion can not be considered as an error by this reviewing court.

Defendant's assignment of error that the verdict and judgment are not sustained by sufficient evidence was included as a ground for new trial in defendant's motion for a new trial filed in the trial court and can be and is considered by this court on this appeal.

The trial court erred in not granting defendant's motion for a new trial on the ground that the verdict of guilty was not sustained by sufficient evidence, as the state failed to adduce any evidence tending to prove that the defendant intended to use any of the implements described in the indictment, burglariously.

For this error the judgment of the Common Pleas Court is reversed, at costs of appellee, and the cause is remanded to the Common Pleas Court for a new trial and further proceedings accordingly to law.

*Judgment reversed.*

MIDDLETON, P. J., and AHL, J., concur.