THE STATE OF OHIO, APPELLEE, *v.* STOVER, APPELLANT.

(No. 44563—Decided December 9, 1982.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. James R. Willis,* for appellant.

PARRINO, J. Defendant-appellant Mary M. Stover appeals from her conviction of gambling, in violation of R.C. 2915.02, which conviction was obtained following a trial to the court in the court of common pleas. Appellant assigns one error:

"The court erred in denying the appellant's motion to dismiss the indictment which motion contended that this prosecution was barred by double jeopardy and collateral estoppel principles."

The assignment is not well-taken.

On February 5, 1981, pursuant to a lawfully executed search warrant, Cleveland police officers entered the premises at 10511 Hathaway and seized various items including clearing house pads, tally sheets, money, an adding machine and a tape recorder. Appellant

and another individual, Paul Sanders, were also arrested at that time. Sanders was charged by complaint with operating a gambling house in violation of R.C. 2915.03 and Stover with complicity in operating a gambling house, R.C. 2923.03.[1] Following a trial to the court in Cleveland Municipal Court (case Nos. 81 CRB 3135 and 81 CRB 3463), both defendants were acquitted. In reaching this decision the court stated:

"Although I'm convinced that both these parties had something to do with that operation, I'm not convinced that they were in fact, in control. I'm not convinced that they were supervising that operation.

"* * *

"* * * I think that under the circumstances, and this being a criminal case, where the evidence is by law, required to be beyond a reasonable doubt, it is not sufficient evidence in this case, to convict them of the charges beyond a reasonable doubt."

Subsequently, on March 11, 1981, Mary Stover and Paul Sanders were indicted for possession of criminal tools in violation of R.C. 2923.24,[2] which tools were described as "clearing house pads, tally sheets, money, adding machine, and a tape recorder." Prior to trial appellant Stover filed a motion to dismiss claiming double jeopardy and collateral estoppel; the motion was denied and the case proceeded to trial without jury September 29, 1981.

After presentation of all the evidence and arguments by counsel, the court found appellant Mary Stover guilty of gambling in violation of R.C. 2915.02[3] as a lesser included offense under the charge of the indictment.

It is appellant's position on appeal that this conviction for gambling violates both the Fifth Amendment protection

---

[1] R.C. 2915.03 provides:

"(A) No person, being the owner or lessee, or having custody, control, or supervision of premises, shall:

"(1) Use or occupy such premises for gambling in violation of section 2915.02 of the Revised Code;

"(2) Recklessly permit such premises to be used or occupied for gambling in violation of section 2915.02 of the Revised Code.

"(B) Whoever violates this section is guilty of operating a gambling house, a misdemeanor of the first degree. If the offender has previously been convicted of a gambling offense, operating a gambling house is a felony of the fourth degree.

"(C) Premises used or occupied in violation of this section constitute a nuisance subject to abatement pursuant to sections 3767.01 to 3767.99 of the Revised Code."

R.C. 2923.03, in relevant part, provides:

"(A) No person, acting with the kind of culpability required for the commission of an offense, shall do any of the following:

"(1) Solicit or procure another to commit the offense;

"(2) Aid or abet another in committing the offense;

"(3) Conspire with another to commit the offense in violation of section 2923.01 of the Revised Code;

"(4) Cause an innocent or irresponsible person to commit the offense.

"* * *

"(F) Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were the principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."

[2] R.C. 2923.24, in part, provides:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"* * *

"(C) Whoever violates this section is guilty of possessing criminal tools, a felony of the fourth degree."

[3] In pertinent part, R.C. 2915.02 reads:

"(A) No person shall:

"(1) Engage in bookmaking, or knowingly engage in conduct that facilitates bookmaking;

"(2) Establish, promote, or operate, or knowingly engage in conduct that facilitates

against double jeopardy and the principle of collateral estoppel which, under authority of *Ashe* v. *Swenson* (1970), 397 U.S. 436, 445, is embodied in the guarantee against double jeopardy. The position is not well-taken, however, and the dual prosecutions in this case neither violate double jeopardy protections nor are precluded by the doctrine of collateral estoppel.

Appellant appears to concede that under the test set forth in *Blockburger* v. *United States* (1932), 284 U.S. 299, the separate prosecutions for operating a gambling house (R.C. 2915.03) and possession of criminal tools (R.C. 2923.24) may be prosecuted separately as "each provision requires proof of an additional fact which the other does not." 284 U.S. 299, 304. In any event, the separate prosecutions were clearly permitted under *Blockburger*. The gambling house offense required proof of control or supervision of premises used for gambling; whereas the possession of criminal tools charge required proof of possession or control of devices or articles with purpose to use them criminally. Proof of either offense would not prove the other offense. Since each statute required proof in addition to that required for the other, acquittal under R.C. 2915.03 or the complicity statute, R.C. 2923.03, did not preclude prosecution under R.C. 2923.24. *State* v. *Best* (1975), 42 Ohio St. 2d 530 [71 O.O.2d 517]; *State* v. *Thomas* (1980), 61 Ohio St. 2d 254 [15 O.O.3d 262]; *State* v. *Foley* (July 15, 1982), Cuyahoga App. No. 44237, unreported.

Neither does the doctrine of collateral estoppel as set forth in *Ashe* v. *Swenson,* *supra,* and *Brown* v. *Ohio* (1977), 432 U.S. 161, preclude the second prosecution. The doctrine, as succinctly explained in *Brown* at 165, "* * * protects the accused from attempts to relitigate the facts underlying a prior acquittal."

No relitigation of the facts underlying Stover's acquittal on the charge of operating a gambling house occurred in her trial for possession of criminal tools. The determination that appellant was not in control or possession of the premises from which the gambling paraphernalia was seized did not turn on whether the appellant was in control of the items for which she was charged with possession. As stated in *Ashe* v. *Swenson, supra,* at 443:

"* * * [collateral estoppel] means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit."

The issue of whether or not appellant Stover had possession of the paraphernalia, although addressed to some extent in the prior proceedings, was not determined, as the issue in that proceeding was whether or not appellant was in possession or control of the premises.

Accordingly, it was not error to prosecute appellant separately for possession of criminal tools.

However, the decision below must be reversed as the trial court committed plain error by finding appellant guilty of the "included offense" of gambling under a charge and trial for possession of criminal tools.

The propriety of convicting a defen-

---

any scheme or game of chance conducted for profit;

"(3) Knowingly procure, transmit, exchange, or engage in conduct that facilitates the procurement, transmission, or exchange of, information for use in establishing odds or determining winners in connection with bookmaking or with any scheme or game of chance conducted for profit;

"(4) Engage in betting or in playing any scheme or game of chance, except a charitable bingo game, as a substantial source of income or livelihood; ·

"(5) With purpose to violate division (A)(1), (2), (3), or (4) of this section, acquire, possess, control, or operate any gambling device."

dant for a lesser offense which is included within the offense for which the defendant is charged and tried is well-settled law and is authorized by statute.[4] The Ohio Supreme Court defined "lesser included offense" in *State* v. *Hreno* (1954), 162 Ohio St. 193 [55 O.O. 97], paragraph two of the syllabus, as:

"An offense is a lesser included offense, where all the elements of such offense are present with others in the offense charged in an indictment."

See, also, *State* v. *Jones* (1975), 47 Ohio App. 2d 8 [1 O.O.3d 156].

The offense of gambling, set forth at R.C. 2915.02[5] has various alternative elements. These are concisely delineated at 1 Ohio Criminal Practice and Procedure 845, Section 62.7:

"(1)  (a)  Engage in bookmaking

"(or)

"(b)  Knowingly engage in conduct which facilitates bookmaking, including placing a bet,

"(or)

"(c)  Establish, promote, or operate, or knowingly engage in conduct that facilitates, including playing

"(i)  A scheme of chance, or a game of chance

"(ii)  Conducted for profit

"(or)

"(d)  Knowingly procure, transmit, exchange, or engage in conduct

"(i)  Which facilitates the procurement, transmission, or exchange of information

"(ii)  For use in establishing odds or determining winners

"(iii)  In connection with bookmaking or in connection with any scheme or game of chance conducted for profit

"(or)

"(e)  Engage in

"(i)  Betting or in playing any scheme of chance or game of chance except a charitable bingo

"(ii)  As a substantial source of income or livelihood

"(or)

"(f)(i)  Acquire, possess, control, or operate any gambling device

"(ii)  With purpose to violate the above provisions

"(or)

"(g)(i)  Receive any commission, wage, salary, reward, tip, donation, gratuity, or other form of compensation

"(ii)  Directly or indirectly

"(iii)  for operating or assisting in the operation of any scheme or game of chance expressly permitted by law (*see* R.C. § 2915.02(D))."

The elements of possession of criminal tools, R.C. 2923.24,[6] are:

(1)  Have possession or control of

(2)  Any substance, device, instrument, or article

(3)  With purpose to use it criminally.

It is clear that the offense of gambling may have elements not included in the offense of possession of criminal tools. The trial court did not specify which subsection of R.C. 2915.02 it considered a lesser included offense of R.C. 2923.24, and we will not speculate on the issue.

Another consideration which counsels against permitting the conviction to stand as rendered is that lesser included offenses are to be *included* offenses. The of-

---

[4] R.C. 2945.74 provides:

"The jury may find the defendant not guilty of the offense charged, but guilty of an attempt to commit it if such attempt is an offense at law. When the indictment or information charges an offense, including different degrees, or if other offenses are included within the offense charged, the jury may find the defendant not guilty of the degree charged but guilty of an inferior degree thereof or lesser included offense.

"If the offense charged is murder and the accused is convicted by confession in open court, the court shall examine the witnesses, determine the degree of the crime, and pronounce sentence accordingly."

[5] See footnote 3.

[6] See footnote 2.

fense charged and the lesser included offense must be of the same general character and not completely different crimes with one having a lesser penalty. The Ohio Supreme Court has addressed this issue and has stated:

"* * * [T]he doctrine of 'inferior degrees' or 'included offenses,' whereby a defendant may be found not guilty of the offense charged but guilty of a lesser included offense, *relates only to offenses of the same general character and not to distinct and independent offenses of different classes.*" (Emphasis added.) (Citation omitted.) *State* v. *Kuchmak* (1953), 159 Ohio St. 363, 368 [50 O.O. 327].

The offense charged must in form also charge the lesser included offense. A charge of possession of criminal tools does not include a charge of gambling which is an offense of specific character.

A defendant may only be convicted of an offense for which he has been charged. The conviction may be for the actual offense stated in the charge or it may be for any offense contained within the charge and proved by the state. The defendant may not, however, be convicted of an offense which may have some similarities to the offense charged but which is not contained within it. The appellant in the instant case was convicted of an offense for which she had not been charged. This is plain error and under Crim. R. 52(B) may be addressed by this court although not objected to at trial nor raised on appeal.

As stated by the Hamilton County Court of Appeals in *State* v. *Craft* (1977), 52 Ohio App. 2d 1, 7 [6 O.O.3d 1]:

"* * * [P]lain error may be identified as obvious error prejudicial to a defendant, neither objected to nor affirmatively waived by him, which involves a matter of great public interest having substantial adverse impact on the integrity of and the public's confidence in judicial proceedings. The error must be obvious on the records, palpable, and fundamental, and in addition it must occur in exceptional circumstances where the appellate court acts in the public interest because the error affects 'the fairness, integrity or public reputation of judicial proceedings,' *United States* v. *Atkinson* (1936), 297 U.S. 157, at 160. The interest to be advanced is 'the rule of law.' This is a government of laws and not of men, even judges."

Conviction of a defendant for an offense not charged clearly affects "the fairness, integrity or public reputation of judicial proceedings." Accordingly, appellant's conviction is reversed and appellant is discharged.

> *Judgment reversed*
> *and defendant discharged.*

PRYATEL, C.J., and PATTON, J., concur.