THE STATE OF OHIO, APPELLEE, *v.*
FORD, APPELLANT.

(No. 50692—Decided June 16, 1986.)

*John T. Corrigan,* prosecuting attorney, for appellee.

*Arthur L. Smith,* for appellant.

JACKSON, J. Appellant John Ford appeals his conviction by a jury in the Cuyahoga County Court of Common Pleas for possessing criminal tools, in violation of R.C. 2923.24.

The evidence indicates that appellant and Darnice Guyon had had a "relationship," and had lived together, but the arrangement had been discontinued. Around midnight on February 27, 1984, Darnice Guyon was at home when she heard someone knocking at the door and ringing the doorbell. She did not answer the door. A few minutes later, her living room window was shattered by a tree branch, and appellant stepped through the window. According to Guyon, appellant then said, "You wouldn't let me in and now I'm in, and now I want to see the kids."

Darnice Guyon testified that she smelled alcohol on appellant's breath and she did not want him to see the children. She took the children outside through the side door and walked with them toward her brother's house. Appellant followed them; after he entered the brother's house with Guyon and the children, there was a scuffle and appellant was ejected. Later, Darnice Guyon and the children were escorted home by her brother. When they arrived, they discovered that two television sets were missing. A person resembling appellant was seen leaving the area carrying a large plastic bag. Guyon testified that appellant had "broken a window out before" in her home.

Appellant was charged in a three-count indictment. The jury found him not guilty of aggravated burglary and not guilty of grand theft, but guilty of possessing criminal tools. The criminal tool was the tree branch.

On appeal to this court, appellant argues that "the conviction was contrary to the manifest weight of the evidence."

The statute governing the crime of possessing criminal tools, R.C. 2923.24, provides:

"(A) No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally.

"(B) Each of the following constitutes prima-facie evidence of criminal purpose:

"(1) Possession or control of any dangerous ordnance, or the materials or parts for making dangerous ordnance, in the absence of circumstances indicating such dangerous ordnance, materials, or parts are intended for legitimate use;

"(2) Possession or control of any substance, device, instrument, or article designed or specially adapted for criminal use;

"(3) Possession or control of any substance, device, instrument, or article commonly used for criminal purposes, under circumstances indicating such item is intended for criminal use.

"(C) Whoever violates this section

is guilty of possessing criminal tools, a felony of the fourth degree."

The elements of the crime of possessing criminal tools are as follows:

" '(1) Have possession or control of

" '(2) Any substance, device, instrument, or article

" '(3) With purpose to use it criminally

" '(4) Venue[.]' " *State* v. *Talley* (1985), 18 Ohio St. 3d 152, 155, 18 OBR 210, 213, 480 N.E. 2d 439, 442, quoting the Ohio Criminal Law Handbook (4 Ed. 1984), at A-111.

In the case at bar the victim, Darnice Guyon, testified:

"[A.] About five minutes later, here comes this tree branch through the living room window.

"Q. Did you see who threw the tree branch through your window?

"A. Yes. It was John Ford. He was poking the glass out of the window.

"Q. What happened after he threw the tree branch through the window?

"A. He stepped inside.

"* * *

"Q. Did you give permission to the Defendant to be in your house that night?

"A. No, I did not."

The foregoing evidence indicates that appellant had possession of the tree branch with purpose to use it to forcibly enter the home of Darnice Guyon without her permission. The record therefore would support a finding that appellant used the tree branch to commit a criminal trespass[1] in violation of R.C. 2911.21, which provides in relevant part:

"(A) No person, without privilege to do so, shall do any of the following:

"(1) Knowingly enter or remain on the land or premises of another;

"* * *"

"Possessing criminal tools is not

limited to possession with purpose to commit theft; rather, it is broad enough to include any criminal purpose as the requisite intent." *Talley, supra,* at 156, 18 OBR at 213, 480 N.E. 2d at 442.

With the evidence in this posture, and because appellant offered no evidence to contradict the evidence presented by the state, this court is persuaded that the judgment of the trial court was not contrary to the manifest weight of the evidence. The judgment is therefore affirmed.

*Judgment affirmed.*

MARKUS, P.J., and KRUPANSKY, J., concur.

---

[1] Appellant was not charged with the offense of criminal trespass.