THE STATE OF OHIO, APPELLEE, *v.* GILHAM, APPELLANT. ▪

(No. 55412 — Decided December 5, 1988.)

*John T. Corrigan,* prosecuting attorney, and *Fedele DeSantis,* for appellee.

*Francis A. Gorczyca,* for appellant.

*Per Curiam.* Defendant-appellant, Alma Gilham, was indicted by the Cuyahoga County Grand Jury in case No. CR-219023 on one count of possession of criminal tools in violation of R.C. 2923.24. Defendant moved to dismiss the charge contending that R.C. 2923.24, as applied to defendant's circumstances, was an unconstitutional deprivation of defendant's Eighth Amendment rights. The trial court denied defendant's motion to dismiss. Defendant then withdrew a former plea of not guilty and entered a plea of no contest. Defendant was found guilty as charged. Defendant was sentenced to a six-month jail term. Defendant's jail term was suspended and defendant was placed on probation for a two-year term. Sentence was journalized February 19, 1988. Defendant filed a timely notice of appeal, assigning two errors.

Appellant's first assignment of error follows:

"The trial court committed reversible error in overruling appellant's motion to dismiss on the grounds that O.R.C. 2923.24 was unconstitutionally applied to her."

Appellant's first assignment of error is meritorious.

Appellant argues the state disproportionately enhanced appellant's underlying crime of solicitation and/or prostitution by indicting appellant for possession of criminal tools. Appellant's argument is persuasive. Solicitation and/or prostitution are third degree misdemeanors. See R.C. 2907.24 and 2907.25. Possession of criminal tools is a fourth degree felony. See R.C. 2923.24.

The record reveals appellant was indicted for the criminal use of an automobile because she allegedly used the automobile to solicit for prostitution. Appellant, when driving her automobile, approached a police officer and allegedly solicited him from her car by requesting him to follow her in his car to the parking lot of a hotel. Appellant was indicted, not for solicitation, but for possession of a criminal tool, *viz.,* her automobile.

It is true that as a general rule the state has discretion in charging a defendant when two statutes proscribe

the same conduct and such discretionary application is not unconstitutional unless exercised to discriminate against a particular class. *State v. McDonald* (1987), 31 Ohio St. 3d 47, 50, 31 OBR 155, 157, 509 N.E. 2d 57, 60; *State v. Wilson* (1979), 58 Ohio St. 2d 52, 55, 12 O.O. 3d 51, 53, 388 N.E. 2d 745, 748. However, it is also true there are circumstances under which application of R.C. 2923.24 may be unconstitutional, although the statute is constitutional on its face. *State v. McDonald, supra.*

In *State v. Volpe* (1988), 38 Ohio St. 3d 191, 527 N.E. 2d 818, the Ohio Supreme Court held that where there is no manifest legislative intent that a general provision of the Revised Code prevail over a special provision, the special provision takes precedence. In *Volpe,* possession and control of a gambling device, a first degree misdemeanor, was involved. The court declared that the general statute prohibiting possession of criminal tools, a fourth degree felony, could not be used to convict a person for the gambling device charges. Although in the case *sub judice,* this court of appeals is not confronted with the issue of whether a more specific statute takes precedence over a more general statute, this court is confronted with the issue of whether appellant's conviction is grossly disproportionate to the crime, since solicitation is only a third degree misdemeanor:

"* * * [A] criminal sentence must be proportionate to the crime for which the defendant has been convicted. Reviewing courts, of course, should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals. But no penalty is *per se* constitutional. As the Court noted in

*Robinson v. California,* 370 U.S. at 667, a single day in prison may be unconstitutional in some circumstances." (Footnote omitted.) *Solem v. Helm* (1983), 463 U.S. 277, 290.

The General Assembly originally enacted R.C. 2923.24 as an expansion of a former statute prohibiting the use of burglar's tools. *McDonald, supra,* at 50, 31 OBR at 157, 509 N.E. 2d at 60.

"* * * [A] court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem, supra,* at 292.

If more serious crimes are subject to the same or lesser penalties, then the punishment may be excessive. *Solem, supra,* at 291.

"Application of these factors assumes that courts are competent to judge the gravity of an offense, at least on a relative scale. In a broad sense this assumption is justified, and courts traditionally have made these judgments — just as legislatures must make them in the first instance. Comparisons can be made in light of the harm caused or threatened to the victim or society, and the culpability of the offender. Thus in *Enmund* [v. *Florida* (1982), 458 U.S. 782] the Court determined that the petitioner's conduct was not as serious as his accomplices' conduct. Indeed, there are widely shared views as to the relative seriousness of crimes. See Rossi, Waite, Bose, & Berk, The Seriousness of Crimes: Normative Structure and Individual Differences, 39 Am. Sociological Rev. 224, 237 (1974) (hereafter Rossi et al.). For example, as the criminal laws make clear, nonviolent crimes are less serious than crimes marked by violence or the threat of

violence. Cf. Tr. of Oral Arg. 16 (the State recognizes that the criminal law is more protective of people than property).

"There are other accepted principles that courts may apply in measuring the harm caused or threatened to the victim or society. The absolute magnitude of the crime may be relevant. Stealing a million dollars is viewed as more serious than stealing a hundred dollars — a point recognized in statutes distinguishing petty theft from grand theft. See, *e.g.*, S.D. Codified Laws § 22-30A-17 (Supp. 1982). Few would dispute that a lesser included offense should not be punished more severely than the greater offense. Thus a court is justified in viewing assault with intent to murder as more serious than simple assault. See *Roberts* v. *Collins*, 544 F. 2d 168, 169-170 (CA4 1976) (*per curiam*), cert. denied, 430 U.S. 973 (1977). Cf. *Dembowski* v. *State*, 251 Ind. 250, 252, 240 N.E. 2d 815, 817 (1968) (armed robbery more serious than robbery); *Cannon* v. *Gladden*, 203 Ore. 629, 632, 281 P. 2d 233, 235 (1955) (rape more serious than assault with intent to commit rape). It also is generally recognized that attempts are less serious than completed crimes. See, *e.g.*, S.D. Codified Laws § 22-4-1 (1979); 4 Blackstone *15. Similarly, an accessory after the fact should not be subject to a higher penalty than the principal. See, *e.g.*, 18 U.S.C. § 3." *Solem, supra*, at 292-293.

In the case, *sub judice*, all else being equal, had appellant been walking on foot instead of using an automobile for transportation, she would not have been charged with possession of criminal tools, *i.e.*, her shoes. Instead, like the average street prostitute, she would have been charged with a misdemeanor instead of a felony offense.

In addition, R.C. 2923.24 has an inherent inchoate character. It prohibits possession of an object *"with purpose to use it criminally."* This is very similar to attempt and, in fact, may fall far short of attempt in certain circumstances. In the case *sub judice*, appellant was charged with an "inchoate" crime of using an automobile for the purpose of facilitating the underlying crime of solicitation, which act is less serious than the completed act of solicitation itself. Since the underlying crime of solicitation is a misdemeanor and since the "inchoate" crime of possessing a device to facilitate the solicitation is a felony, the penalty for possessing criminal tools is grossly disproportionate to the penalty for solicitation. See Justice Sweeney's dissent in *McDonald, supra.*[1]

Accordingly, it was a violation of appellant's Eighth Amendment rights prohibiting excessive and grossly disproportionate penalties to convict appellant for the greater offense of possession of criminal tools. Appellant's Assignment of Error No. 1 is well-taken and is sustained.

Appellant's second assignment of error follows:

"The trial court committed reversible error in finding appellant guilty of possessing criminal tools where appellee failed to prove the element of purpose to use it criminally."

Appellant's Assignment of Error No. 2 lacks merit.

Appellant pled no contest. A no contest plea is an admission of the facts contained in the indictment. See *State* v. *Thorpe* (1983), 9 Ohio App. 3d

---

[1] It is instructive to note Justice Sweeney concurred in the court's later decision in *Volpe, supra*, when the court held R.C. 2923.24 was unconstitutional when applied to the specific facts of *Volpe*. In *McDonald, supra*, the court merely held R.C. 2923.24 was not unconstitutional on its face.

1, 9 OBR 1, 457 N.E. 2d 912; *State* v. *Pernell* (1976), 47 Ohio App. 2d 261, 1 O.O. 3d 318, 353 N.E. 2d 891. The indictment recites sufficient facts to support a conviction; therefore, the state was not required to prove the element of purpose to use criminally.

Accordingly, Assignment of Error No. 2 is not well-taken and is overruled. However, the trial court's judgment is reversed since specific application of R.C. 2923.24 to appellant's situation was a violation of appellant's Eighth Amendment rights.

*Judgment reversed.*

NAHRA, P.J., STILLMAN and VEIT, JJ., concur.

SAUL G. STILLMAN, J., retired, of the Eighth Appellate District, and HANS R. VEIT, J., of the Geauga County Court of Common Pleas, sitting by assignment.