The STATE of Ohio, Appellee,

v.

PARSON, Appellant.

[Cite as *State v. Parson* (1990), 67 Ohio App.3d 201.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 56578.

Decided April 2, 1990.

202

*John T. Corrigan,* Prosecuting Attorney, and *Robert J. Christyson, Jr.,* Assistant Prosecuting Attorney, for appellee.

*Hyman Friedman,* County Public Defender, and *David P. Kraus,* Assistant County Public Defender, for appellant.

Francis E. Sweeney, Judge.

Defendant-appellant, Willie Parson ("Parson"), appeals from his jury trial conviction of one count of possession of criminal tools (R.C. 2923.24), a felony of the fourth degree. For the reasons adduced below, we reverse the judgment of the trial court.

The record reveals that Parson, in September 1987, was a seventy-eight-year-old retired Ford Motor Company employee living at 12207 Brookfield Avenue, Cleveland, Ohio.[1] Police officers from the first district station, located three blocks away, were alerted by complaints to the possibility that Parson was operating an after-hours drinking spot from his garage and house. Plainclothes police investigated the premises in early September 1987 at approximately 3:30 a.m. on a Saturday morning. They observed that there were parked cars all along the street and the driveway. People were coming and going, as well as milling about the premises. The officers went into the open garage and there found about twenty people. Parson was seen behind a bar in the garage. Detective Benning, one of the investigating officers, testified over objection that he saw people hand Parson money. Benning also saw people put coins into a jukebox which was in the garage. The officers left after fifteen to twenty minutes and submitted their report and observations to their supervisor, George Galjan, who was in charge of the vice unit at the first district. Galjan testified that he took the report to the county prosecutor's office and, based on this information, secured the issuance of a search warrant.

The search warrant was executed on September 13, 1987 at about 2:30 a.m. by Galjan, several detectives and state liquor agents. The police found fifteen to twenty people inside the garage; their cars were parked along the street. The jukebox and television in the garage were both being operated. The people were drinking. The police testified that they confiscated the jukebox and television, fourteen partially filled one-half gallon size bottles of liquor, one full one-half gallon size bottle of liquor, and ninety-three cans of beer from the garage. They also confiscated five twelve-packs of beer and six cans of beer from the kitchen in the house. The garage contained (in addition to the bar, television and jukebox) chairs, lights, decorations and a refrigerator. An unknown amount of money was confiscated from Parson, but somehow that money was turned over to his brother while Parson was being booked at the police station. Only Parson was arrested.

---

1. Parson retired from Ford Motor Company in 1971.

Parson testified that he never sold liquor to others on the premises. He claimed that he either bought the alcohol or would buy it with his friends' and guests' money. He also claimed that some of the guests brought some of the alcohol with them. Parson further testified that it was his practice to sponsor birthday parties up to three times a week on the premises and otherwise socialize with his friends, but he would always end the festivities by midnight. He claimed he always called the police to get permission to have the birthday parties. Parson denied that there were twenty to thirty people in the garage at the time of the search. He claimed to have been alone in the garage watching television when the search was made. The police could never recall anyone ever calling for permission to hold a birthday party.

Parson was charged by the police with violating R.C. 4399.09 in keeping a place where intoxicating liquors are furnished. He pled no contest to that charge, a misdemeanor, in Cleveland Municipal Court on October 2, 1987 and was ordered to pay a fine of one hundred dollars plus costs. The jukebox and television were returned to him.

Thereafter, on October 22, 1987, Parson was indicted for possession of criminal tools, *to wit,* a jukebox and television.[2]

At trial, the court denied Parson's motions for acquittal made at the close of the state's and appellant's case.

The jury found Parson guilty of the offense in an amended indictment, a fourth degree felony. Parson's motion for new trial was also overruled.

The court sentenced Parson to a term of imprisonment of six months and a fine of five hundred dollars, plus court costs. The court suspended the time and placed Parson on probation for one year on the condition that he pay the fine and costs in equal installments over the probationary period. The court ordered the television set returned upon the request of appellant, but retained the jukebox.

This appeal raising three assignments of error followed.

## I

"Appellant was deprived of his liberty without due process of law by a conviction for possession of criminal tools which was not supported by sufficient evidence to prove his guilt beyond a reasonable doubt."

■ The standard for reviewing an assignment based upon insufficiency of the evidence was stated in *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717, paragraph two of the syllabus:

---

**2.** The indictment was amended at trial to reflect these two items only.

"In considering the claim that the conviction was not supported by sufficient probative evidence, the test is whether after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. The claim of insufficient evidence invokes an inquiry about due process. It raises a question of law, the resolution of which does not allow the court to weigh the evidence."

Accord *State v. Young* (Aug. 31, 1989), Cuyahoga App. No. 55769, unreported, at 5, 1989 WL 101901; see, also, *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184, syllabus.

Parson was convicted of possessing criminal tools pursuant to R.C. 2923.-24(A), which provides:

"No person shall possess or have under his control any substance, device, instrument, or article, with purpose to use it criminally."

It is appellant's contention that the state failed to present sufficient evidence of Parson's criminal purpose. We find this belief to be without merit.

Viewing the evidence and testimony in a light most favorable to the prosecution, and the inferences reasonably drawn from those items, we find that the prosecution presented sufficient evidence of a criminal purpose for the jury's consideration. Appellant's theory of innocence is unreasonable when viewed under the circumstances and in light of the testimony.

Assignment overruled.

## II

"Appellant was denied of his liberty without due process of law by his conviction for possession of criminal tools, a felony of the fourth degree."

■ Appellant argues that R.C. 2923.24, possession of criminal tools, was unconstitutionally applied to him under the circumstances in this case. Parson, in effect, alleges that the state disproportionately enhanced his crime of keeping a place where alcohol is furnished (R.C. 4399.09), a misdemeanor, by indicting him for possession of criminal tools (R.C. 2923.24), a fourth degree felony.

As we held in *State v. Gilham* (1988), 48 Ohio App.3d 293, 295, 549 N.E.2d 555, 558, "R.C. 2923.24 has an inherent inchoate character." The statute prohibits conduct which is similar to attempt and such conduct may be less than an attempt under certain circumstances. In the present case, Parson was charged with an "inchoate" crime of using a jukebox and television for

the purpose of facilitating the keeping of a place where alcohol is furnished. This act is less serious than the completed act of keeping a place where alcohol is furnished. Cf. *State v. Gilham, supra.* We find that the penalty for possessing criminal tools is excessive and grossly disproportionate to the penalty for R.C. 4399.09, in violation of Parson's Eighth Amendment rights.

Assignment affirmed.

### III

"The trial court erred by admitting hearsay testimony which went to the ultimate issue of the case and thereby deprived appellant of his right to confrontation of witnesses and to due process of law as guaranteed by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution."

■ The statements to which Parson refers are the complaints from citizens and a councilman which prompted the police to investigate Parson's operation. The relevant passages containing the alleged hearsay are as follows:

At trial, regarding his course of information, Detective Benning testified:

"Q. Detective, in connection with the date of September 13, 1987, the address 12207 Brookfield, can you tell us what first led you to that address?

"A. A complaint from the councilman.

"MR. TOBIK: Objection.

"THE COURT: Overruled. Go ahead.

"Q. Go ahead.

"A. We received a complaint from the councilman in that ward and also several complaints from parishioners from the Baptist Church located on the corner of Brookfield and Bellair."

Further, Detective Galjan testified:

"Q. Detective, focusing your attention on the address of 12207 Brookfield Avenue, Cleveland, Ohio, approximately September 5th or 6th of 1987, did you have cause to do any investigation of that address?

"A. Yes, we have been receiving complaints—

"MR. TOBIK: Objection.

"THE COURT: Overruled. Go ahead.

"Q. Go ahead, Detective.

"A. I have been receiving complaints from my district manager, plus I believe it was Councilman Brady in connection with an after hours place on Brookfield."

We do not find that reference to complaints was hearsay. The testimony at issue was offered to explain the subsequent investigative activities of the witnesses and was not offered to prove the truth of the matter asserted. See *State v. Thomas* (1980), 61 Ohio St.2d 223, 232, 15 O.O.3d 234, 239, 400 N.E.2d 401, 407.

Assignment overruled.

The conviction for possession of criminal tools is reversed since specific application of R.C. 2923.24 to the appellant's situation was a violation of appellant's Eighth Amendment rights.

*Judgment reversed*
*and cause remanded.*

JOHN F. CORRIGAN and GRADY, JJ., concur.

THOMAS J. GRADY, J., of the Second Appellate District, sitting by assignment.