The STATE of Ohio, Appellee,

v.

WILLIAMS, Appellant.

[Cite as *State v. Williams* (1993), 89 Ohio App.3d 288.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–257.

Decided Aug. 17, 1993.

*Michael Miller*, Franklin County Prosecuting Attorney, and *Joyce S. Anderson*, Assistant Prosecuting Attorney, for appellee.

*Judith M. Stevenson*, Franklin County Public Defender, and *John W. Keeling*, Assistant Public Defender, for appellant.

CLOSE, Judge.

Defendant-appellant, Randolf Williams, appeals his sentence after having been convicted in the Franklin County Court of Common Pleas on one count of burglary with a specification for a prior conviction and one count of possession of criminal tools (a flashlight). .

Appellant was indicted on one count of aggravated burglary (a first-degree aggravated felony under R.C. 2911.11) with a specification for a prior conviction on aggravated robbery, and one count of possession of criminal tools (a fourth-degree felony under R.C. 2923.24). Appellant was convicted under the first count of the lesser included offense of burglary with the specification and under the second count of possession of criminal tools. Appellant was sentenced to two consecutive terms of three to five years each, and he now appeals, assigning one error:

"The defendant's conviction for possessing criminal tools resulted in an improper sentence that was excessive and grossly disproportionate to the underlying offense."

We disagree and, accordingly, affirm the conviction.

Appellant asserts four arguments in support of his assignment of error.

■ Appellant's first argument is that his sentence violates the Eighth Amendment to the United States Constitution in that, when a defendant is sentenced to three to five years for burglary, an additional three-to-five year term for possessing a flashlight at the time of the crime is "disproportionate."

■ The Eighth Amendment prohibition against cruel and unusual punishment includes a prohibition against "sentences that are disproportionate to the crime committed." *Solem v. Helm* (1983), 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637, 645. However, an appellate court should not substitute its judgment for that of the trial court; rather, an appellate court should decide only whether the sentence is constitutional. *Id.*, 463 U.S. at 290, 103 S.Ct. at 3009, 77 L.Ed.2d at 649, fn. 16.

■ The criminal tools statute, R.C. 2923.24, is not unconstitutional on its face but may be unconstitutional as applied. *State v. McDonald* (1987), 31 Ohio St.3d 47, 31 OBR 155, 509 N.E.2d 57. One element of the crime of possession of criminal tools is "specific intention to use the article to commit a crime." *Id.* at 49, 31 OBR at 156, 509 N.E.2d at 59. Thus, application of R.C. 2923.24 must contemplate an intended "underlying" crime. Appellant, in arguing that his conviction under R.C. 2923.24 was an unconstitutional application of the statute, relies on two decisions: *State v. Gilham* (1988), 48 Ohio App.3d 293, 549 N.E.2d 555 (*per curiam*), and *State v. Parson* (1990), 67 Ohio App.3d 201, 586 N.E.2d 244. In *Gilham*, the defendant had been convicted for possession of criminal tools (an automobile) with the intention of soliciting and/or engaging in prostitution. Possession of criminal tools is a fourth-degree felony; soliciting prostitution and engaging in prostitution are third-degree misdemeanors under R.C. 2907.24 and 2907.25. Citing *Solem*, the court reversed the conviction, holding that the defendant's conviction under the possession of criminal tools statute was a violation of the Eighth Amendment prohibition against disproportionate sentences. If the defendant had been walking on foot instead of using an automobile, the court reasoned, defendant would not have been convicted under the statute on the grounds that her shoes were criminal tools. In *Parson*, the court cited *Gilham* and reversed a conviction for possession of criminal tools where the purported criminal tools were a jukebox and a television and the underlying crime was a misdemeanor (keeping a place where beer or intoxicating liquors are furnished, R.C. 4399.09).

Appellant's argument based on *Gilham* and *Parson* is unpersuasive. *Gilham* and *Parson* are the only two reported cases in which a conviction under R.C. 2923.24 has been overruled on Eighth Amendment grounds. In both cases, the underlying crime was a misdemeanor. This case is distinguishable in that the underlying crime is a felony.

Moreover, to the extent *Gilham* and *Parson* can be interpreted as standing for the proposition that *no* conviction under R.C. 2923.24 is constitutional when the underlying crime is a misdemeanor, they do not represent the majority view. In at least five cases, a conviction for possession of criminal tools was upheld even though the underlying crime was a misdemeanor: *State v. Frambach* (1992), 81 Ohio App.3d 834, 841–843, 612 N.E.2d 424, 428–429, appeal dismissed (1993), 66 Ohio St.3d 1478, 612 N.E.2d 329 (underlying crime: adulteration and misbranding foods, a fourth-degree misdemeanor); *State v. Oliver* (1987), 31 Ohio App.3d 100, 103, 31 OBR 171, 173, 508 N.E.2d 1048, 1051 (gambling and operating a gambling house, both first-degree misdemeanors); *State v. Ford* (1986), 31 Ohio App.3d 99, 31 OBR 169, 508 N.E.2d 1021 (criminal trespass, a fourth-degree misdemeanor); *State v. Miles* (1983), 8 Ohio App.3d 410, 411, 8 OBR 533, 533, 457 N.E.2d 944, 945 (gambling); *State v. Stover* (1982), 8 Ohio App.3d 179, 181, 8 OBR 239, 241–242, 456 N.E.2d 833, 835 (reversing conviction on other grounds) (gambling). Indeed, even Justice Herbert R. Brown, in *McDonald,* limited his dissent to criticizing the statute only as it might be applied when the underlying crime is a misdemeanor:

"I would hold that the application of R.C. 2923.24 is constitutionally limited to persons who intend to use a criminal tool to commit a *felony.*" (Emphasis *sic.*) *McDonald,* 31 Ohio St.3d at 60, 31 OBR at 165, 509 N.E.2d at 67 (H. Brown, J., dissenting).

Therefore, we hold that appellant's sentence for possession of criminal tools pursuant to R.C. 2923.24 is not unconstitutionally disproportionate where the underlying crime is burglary, a felony.

■ Appellant's second argument is that his conviction under the criminal tools statute is improper because the purpose of the statute is to punish those who possess instruments with the purpose of using them criminally, but only where the evidence is insufficient to charge the suspect with any other crime. When one actually commits a crime, appellant argues, the need to punish under R.C. 2923.24 is substantially diminished. Appellant's argument fails for four reasons.

First, appellant's explanation of the purpose of the statute may be reasonable, but it is merely speculation as to legislative intent. "The court must look to the statute itself to determine legislative intent." *Wachendorf v. Shaver* (1948), 149 Ohio St. 231, 36 O.O. 554, 78 N.E.2d 370, paragraph five of the syllabus. The General Assembly has defined possession of criminal tools as a separate crime, and nothing in the text of the statute suggests that its application is conditional upon prosecution under that statute to the exclusion of all others.

■ Second, appellant's conviction for possession of criminal tools cannot be precluded on the ground that possession of criminal tools is a lesser included

offense of burglary. See *Stover*, 8 Ohio App.3d at 181–182, 8 OBR at 241–242, 456 N.E.2d at 835–836 (holding that gambling is not a lesser included offense of possession of criminal tools). Nor can appellant's conviction for possession of criminal tools be precluded on the ground that possession of criminal tools and burglary are allied offenses of similar import. See *State v. Talley* (1985), 18 Ohio St.3d 152, 18 OBR 210, 480 N.E.2d 439 (holding that breaking and entering, grand theft, and possession of criminal tools are not allied offenses of similar import and upholding consecutive sentences for each crime).

Third, the reasoning in *Stover*, though addressed to a different issue, is instructive. In *Stover*, the defendant was acquitted of complicity in operating a gambling house but then was indicted and convicted for possession of criminal tools. In holding that the second trial did not violate principles of double jeopardy or collateral estoppel, the court explained:

" * * * [T]he separate prosecutions for operating a gambling house * * * and possession of criminal tools * * * may be prosecuted separately as 'each provision requires proof of an additional fact which the other does not.' * * * Proof of either offense would not prove the other offense. * * * " (Citations omitted.) *Stover*, 8 Ohio App.3d at 181, 8 OBR at 241–242, 456 N.E.2d at 835.

Excepting lesser included offenses and allied offenses, there is no reason to exonerate appellant of one crime because he simultaneously committed another.

Fourth, there is ample precedent for conviction on multiple counts where one of the counts is possession of criminal tools. See, *e.g.*, *Frambach* (adulteration and misbranding foods, R.C. 3715.99); *State v. McShan* (1991), 77 Ohio App.3d 781, 603 N.E.2d 1076 (cocaine possession, R.C. 2925.03); *State v. Wilson* (1991), 77 Ohio App.3d 718, 603 N.E.2d 305 (drug abuse, R.C. 2925.11); *State v. Lee* (1990), 66 Ohio App.3d 773, 586 N.E.2d 190 (theft, R.C. 2913.02); and *State v. Haberek* (1988), 47 Ohio App.3d 35, 546 N.E.2d 1361 (theft in office, R.C. 2921.41). Therefore, there is no basis for limiting the applicability of R.C. 2923.24 to cases in which the statute is the only ground for conviction.

■ Appellant's third argument is that his sentence was improper because the trial court stated it would not accept a plea agreement except to all counts as alleged in the indictment.

The statement appellant challenges was made by the trial court after counsel for the state presented the court with a plea agreement. The court addressed appellant:

"The Court: All right. Mr. Williams, have you had the opportunity to discuss this with Mr. Cowell?

"The Defendant: Yeah, and I don't know, man, I'm confused.

"The Court: Okay. I am going to bring the jury up right now. I am not going to mess around with this any more. I have been sitting around waiting for five hours all day. Get the jury up. I am not going to accept any pleas unless he wants to plead to the indictment."

There is no constitutional right to plea bargain. *Weatherford v. Bursey* (1977), 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30, 43. Under the facts asserted by the trial court, it was not an abuse of discretion to determine that no plea agreement had been reached and to proceed to trial.

■ Appellant's fourth argument is that the sentence was improper because the trial court may have felt that appellant had escaped punishment for the greater offense when the jury found him guilty of the lesser offense.

■ Generally, there is no abuse of discretion in sentencing when the sentence is authorized by statute. *Toledo v. Reasonover* (1965), 5 Ohio St.2d 22, 34 O.O.2d 13, 213 N.E.2d 179, paragraph one of the syllabus; *State v. Cassidy* (1984), 21 Ohio App.3d 100, 102, 21 OBR 107, 108–109, 487 N.E.2d 322, 323. Appellant has adduced no evidence suggesting that the trial court was prejudiced or otherwise abused its discretion.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PEGGY BRYANT, P.J., and DESHLER, J., concur.