The STATE of Ohio, Appellant,

v.

HARLAN, Appellee.

[Cite as *State v. Harlan* (1995), 105 Ohio App.3d 756.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–94–119.

Decided Aug. 18, 1995.

*Gary Bishop,* for appellant.

*Kathleen Culkowski,* for appellee.

SHERCK, Judge.

The state of Ohio brings this appeal, pursuant to R.C. 2945.67, from an order of dismissal issued by the Wood County Court of Common Pleas. The common pleas court dismissed one of two criminal counts upon which appellee, Donald Harlan, was indicted. Because we find that the trial court acted properly in dismissing a felony possession of criminal tools charge for the reason that it was predicated on a misdemeanor offense, we affirm.

On May 20, 1994, appellee entered a Bowling Green hair salon; a hairdresser washed and cut his hair. During the process, the hairdresser took appellee to a sink for a rinse. At that time, appellee produced a pair of handcuffs and

handcuffed the hairdresser to the sink. Ultimately, appellee released the hairdresser when approached by another person.

On July 6, 1994, the Wood County Grand Jury indicted appellee on one count of unlawful restraint, a misdemeanor of the third degree, and a second count of possession of criminal tools (the handcuffs), a fourth degree felony. Appellee entered a plea of not guilty to both counts.

Prior to trial, appellee moved to dismiss the felony count, arguing that the use of the criminal tools offense to elevate a relatively minor misdemeanor charge to a felony resulted in a penalty disproportionate to the underlying offense. Such disproportionality, appellee maintained, violated both state and federal constitutional prohibitions against the imposition of cruel and unusual punishment. Eighth Amendment to the United States Constitution; Section 9, Article I of the Ohio Constitution.

In considering appellee's motion, the trial court employed the test articulated in *Solem v. Helm* (1983), 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637. The trial court agreed with appellee, concluding that the state's use of R.C. 2923.24 (the statute prohibiting the possession of criminal tools) to create a felony from misdemeanor conduct created a disproportionality in penalties which is constitutionally prohibited. The trial court dismissed the felony count and stayed action on the misdemeanor pending the state's appeal of the trial court's dismissal. The state raises a single assignment of error:

"The trial court erred in granting the defendant's motion to dismiss because the penalty for possessing criminal tools is *not* so greatly disproportionate to the offense as to shock the sense of justice of the community."

"[I]t is a precept of justice that punishment for crime should be graduated and proportioned to the offense." *Weems v. United States* (1910), 217 U.S. 349, 367, 30 S.Ct. 544, 549, 54 L.Ed. 793, 798. "[A] criminal sentence must be proportionate to the crime for which the defendant has been convicted." *Solem v. Helm, supra,* 463 U.S. at 290, 103 S.Ct. at 3009, 77 L.Ed.2d at 649; cf. *Harmelin v. Michigan* (1991), 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836. When the severity of a punishment is disproportionate to the offense for which it is imposed, the result is a violation of the Eighth Amendment to the United States Constitution and, concomitantly, Section 9, Article I of the Ohio Constitution. *Solem* at 284, 103 S.Ct. at 3006, 77 L.Ed.2d at 645; *State v. Chaffin* (1972), 30 Ohio St.2d 13, 59 O.O.2d 51, 282 N.E.2d 46, paragraph three of the syllabus.

The *Chaffin* decision, which was decided prior to *Solem,* set forth the standard that in order for a punishment to offend the Constitution, it must be "'so disproportionate * * * as to shock the moral sense of the community.'" *Chaffin* at 17, 59 O.O.2d at 53–54, 282 N.E.2d at 49, quoting *McDougle v. Maxwell* (1964), 1 Ohio St.2d 68, 69–70, 30 O.O.2d 38, 39–40, 203 N.E.2d 334, 336–337.

 The possession of handcuffs is not prohibited by law. Such possession becomes criminal only when it is coupled with a purpose to use the device to commit some other crime. The underlying crime charged here is unlawful restraint, a third degree misdemeanor that carries a maximum of sixty days in jail and a $500 fine. R.C. 2929.21. A conviction for a violation of the criminal tools statute, a fourth degree felony, subjects a defendant to a potential term of imprisonment of between six and eighteen months and a maximum fine of $2,500. R.C. 2929.11. Before the trial court, the state argued that, while the sentences for these crimes may be disparate, the disproportionality found is not so great as to shock the sense of morality or justice of the community. The trial court rejected both the proposition and the standard.

Utilizing the analysis employed in *Solem*,[1] the trial court surveyed reported decisions in which attempts were made to apply the felony criminal tools offense in situations where the foundational offense was a misdemeanor.[2] From this survey, the trial court concluded that, as a general rule, "R.C. 2923.24 should not be used to subject a misdemeanant to a felony penalty." The exception to this rule, the trial court noted, is when the misdemeanor is unusually outrageous, particularly if the crime is repetitious or ongoing. The trial court found no such aggravating factor in the present case. Accordingly, the court dismissed the felony count as unconstitutionally disproportionate.

The trial court's analysis is perceptive. When the Supreme Court of Ohio considered the facial validity of the criminal tool statute in *State v. McDonald* (1987), 31 Ohio St.3d 47, 31 OBR 155, 509 N.E.2d 57, it specifically declined to consider the constitutionality of the statute as applied to "a certain set of facts," such as "a person, committing a traffic violation, being charged with a felony for possessing the car used in the offense." *Id.* at 49, 31 OBR at 156–157, 509

---

1. In *Solem,* the United States Supreme Court held that in determining the proportionality of a penalty the court should examine (1) the gravity of the offense and the harshness of the penalty; (2) sentences imposed on other criminals in the same jurisdiction; and (3) sentences imposed for the same crime in other jurisdictions. *Solem,* 463 U.S. at 292, 103 S.Ct. at 3011, 77 L.Ed.2d at 650.

2. In *State v. Gilham* (1988), 48 Ohio App.3d 293, 549 N.E.2d 555, an attempt to classify a car, from which the defendant on a misdemeanor prostitution charge solicited business, as a criminal tool was found disproportionate. In *State v. Parson* (1990), 67 Ohio App.3d 201, 586 N.E.2d 244, an attempt to classify a juke box and television set as criminal tools, when the underlying offense was a misdemeanor keeping a place where intoxicating liquors are unlawfully furnished, was declared a constitutionally disproportionate attempt to enhance the defendant's sentence. In *State v. Frambach* (1992), 81 Ohio App.3d 834, 612 N.E.2d 424, however, the Lorain County Court of Appeals affirmed proportionality in a case which classified meat processing equipment as criminal tools on an underlying offense of selling adulterated or misbranded food. The court noted though that such a charge was appropriate because of an ongoing criminal enterprise which would not have been possible but for the tools used.

N.E.2d at 60. Instead, the court held that, while there are "hypothetical circumstances" wherein R.C. 2923.24 might be applied unconstitutionally, in general the legislature has the power to prohibit the possession of the type of items defined in R.C. 2923.24(B) (dangerous ordnance, articles designed for or specifically adapted to criminal use, or commonly used for criminal purposes) and that a broader application should be considered on a less speculative set of facts. *Id.* at 49–50, 31 OBR at 156–157, 509 N.E.2d at 59–60.

In a comprehensive and lengthy dissent to *McDonald*, Justice Herbert W. Brown complained that the court should have reached the question of whether R.C. 2923.24 can ever elevate misdemeanor conduct to a felony. The dissent traced the common-law prohibition against disproportionate penalties from the Magna Carta, through Blackstone, to the Bill of Rights. Further, the dissent examined examples of penalties which have been found constitutionally offensive because they were imposed for "inchoate" offenses (such as attempt or lesser included offenses) and the penalties were equal to or greater than those imposed for the completed offense. The prohibitions embodied in R.C. 2923.24 are similarly inchoate, according to the *McDonald* dissent, even more inchoate than an attempt. "For example, possession of a burglar's tool with intent to use it to commit a burglary is not sufficient to prove attempted burglary." *Id.* at 57–58, 31 OBR at 163–164, 509 N.E.2d at 65. Accordingly, the dissent argued, if the penalty for the possession of a criminal tool ever is equal to or exceeds the penalty for the offense for which the use of the tool was intended, then that penalty is inherently disproportionate. If the majority had reached the issue, the *McDonald* dissent contended, the only logical conclusion would be that whenever the felony criminal tools statute is applied to an underlying misdemeanor, such an enhancement would violate the proportionality requirement of both the Ohio and federal Constitutions. *Id.* at 58–60, 31 OBR at 163–165, 509 N.E.2d at 65–67.

While Justice Brown's dissent in *McDonald* is not binding on this court, the logic it employs is certainly persuasive. In the instant matter, however, we need not determine whether R.C. 2923.24 can ever be used to elevate misdemeanor criminal conduct to a felony. We need only determine whether in this particular matter the trial court properly determined that the state's attempt to bootstrap a felony charge from a misdemeanor created a constitutionally disproportionate charge. We conclude that it did. Accordingly, appellant's sole assignment of error is found not well taken.

On consideration whereof, the court finds that the order of the Wood County Court of Common Pleas dismissing Count 2 of the indictment against appellee was proper. It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

GLASSER and GREY, JJ., concur.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.