OPINION AND JUDGMENT ENTRY
This appeal comes to us from a judgment of the Bowling Green Municipal Court. There, a jury found appellant guilty of operating a motor vehicle while under the influence of alcohol. Because appellant did not object to the introduction of his admission of alcohol consumption and because the verdict was supported by the evidence, we affirm.
On May 22, 1998, at approximately 11:30 p.m., an Ohio Highway Patrol trooper observed a car driven by appellant, Mark Ernsthausen, weaving outside marked lanes on a U.S. highway near Bowling Green. When the trooper stopped appellant's car, he noted an odor of an alcoholic beverage. The trooper then administered a series of field sobriety tests, including a horizontal gaze nystagmus test, all of which appellant failed. A breath test, nevertheless, revealed that appellant's equivalent blood/alcohol content was below the limit permitted by law. Despite the test results, appellant was charged with operating a motor vehicle under the influence of alcohol in violation of R.C.4511.19(A)(1) and a marked lane violation. Appellant pled not guilty and, following discovery, the matter proceeded to trial by jury.
At trial, the arresting officer testified to appellant's responses to the field sobriety tests and appellant's demeanor during the stop. He also reported that appellant admitted consuming two beers. The trooper further testified that appellant had advised him during the stop that he was a diabetic.
In his defense, appellant presented medical testimony that he has a congenital nystagmus condition and that his slow reactions and unsteadiness during the stop might be symptomatic of a blood-sugar imbalance. Neither side introduced the results of the breath test. Ultimately, the jury convicted appellant of driving under the influence of alcohol. The court separately found him guilty of a marked lanes violation and sentenced him to ninety days in jail, $1,100 fine and a six-month license suspension. A motion for a new trial was denied.
Appellant now appeals his conviction, setting forth the following three assignments of error:
 "I. The State's failure pursuant to Crim. R. 16 to disclose before trial statements allegedly made to arresting officer by the Appellant coupled with defense counsel's failure to object to the admission of those statements prejudiced Appellant's ability to present a claim or defense in this matter to a degree amounting to reversible error.
 "II. Appellant was denied effective assistance of counsel during these proceedings in violation of his Sixth Amendment rights, when defense counsel failed to timely object to the admission of statements allegedly made by Appellant to the arresting officer.
 "III. The decision of the jury and lower Court against Appellant were against the manifest weight of the evidence presented at trial and hearing pursuant to Ohio law and the U.S. Constitution, since sufficient proof of guilt for each essential element of the charged offensewas not presented or proven."
 I.
In his first assignment of error, appellant complains that the state violated Crim.R. 16 when it failed to disclose the trooper's report of appellant's admission that he had consumed two beers.
The state concedes that appellant's admission is of the type it is obligated to provide to the defense pursuant to Crim.R. 16(B)(1)(a), but suggests that any omission was not willful in that there was no written record of the admission and the defense was provided with open file discovery. Moreover, the state contends that appellant failed to preserve any error by not objecting to the testimony at trial.
Omissions in criminal discovery are difficult to deal with on appeal when not initially raised in the trial court. There is no requirement that the contents of discovery be made part of the record. In this case, even though the parties appear to agree that the admission in question was not provided, the record contains only a notice of discovery response; there is no indication of what that response contained. Even when the matter was raised by way of a motion for a new trial, there was no supplementation of the record, save an affidavit from trial counsel indicating that he had received no notice of the "two beer" admission by appellant.
On the other hand, the state contended that appellant was provided notice that appellant had stated that his doctor had advised him not to mix alcohol and his medication. Yet, this too, does not appear in the record.
This gives weight to the wisdom of the general rule that unless a purported error is brought to the trial court's attention at a time when such error could have been avoided or corrected by the court, it is waived. State v. Williams (1977), 51 Ohio St.2d 112,117, vacated on other grounds, 438 U.S. 911. Neither is the omission complained of here so obvious on the record that it might be considered plain error. See State v. Stover (1982), 8 Ohio App.3d 179,183.
If this issue had been brought to the trial court's attention during trial, the court could have fashioned a limiting instruction or other remedy. However, it was not brought to the court's attention at that time. Consequently, we view any purported error on this issue as having been waived. Accordingly, appellant's first assignment of error is not well-taken.
 II.
In his second assignment of error, appellant contends that he was denied his constitutional right to effective assistance of counsel. Again, the argument centers on trial counsel's failure to object to introduction of his "two beer" admission.
 "A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction *** has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. *** Unless a defendant makes both showings, it cannot be said that the conviction *** resulted from a breakdown in the adversary process that renders the result unreliable." Strickland v. Washington
(1984), 466 U.S. 668, 687. Accord, State v. Smith
(1985), 17 Ohio St.3d 98, 100.
Scrutiny of counsel's performance must be deferential.Strickland v. Washington at 689. In Ohio, a properly licensed attorney is presumed competent and the burden of proving ineffectiveness is the defendant's. State v. Smith, supra. Counsel's actions which "might be considered sound trial strategy," are presumed effective. Strickland v. Washington at 687. "Prejudice" exists only when the lawyer's performance renders the result of the trial unreliable or the proceeding unfair. Id. Appellant must show that there exists a reasonable probability that a different verdict would have been returned but for counsel's deficiencies. See id. at 694. See, also, State v.Lott (1990), 51 Ohio St.3d 160, for Ohio's adoption of theStrickland test.
Although trial counsel's post-trial affidavit indicates that he now believes that he should have objected to the "two beer" admission, such an omission, in our view, is not the "lack of counsel" contemplated by the constitution. Moreover, given that the arresting officer noted an odor of an alcoholic beverage on appellant, we cannot conclude that the exclusion of appellant's two beer admission would have made it reasonably probable that he would have been acquitted. Accordingly, appellant's second assignment of error is not well-taken.
 III.
In his final assignment of error, appellant asserts that his conviction is against the manifest weight of the evidence. In a criminal context, a verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997), 78 Ohio St.3d 380,387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, the test is whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. That is, when viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable doubt. Id. at 390. (Cook, J., concurring); State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley (1978),56 Ohio St.2d 169; State v. Barns (1986), 25 Ohio St.3d 203.
Although appellant couches this assignment of error in terms of a sufficiency of evidence question, he fails to point to any specific element of R.C. 4511.19(A)(1) upon which the evidence presented was so deficient that, viewed in a light most favorable to the prosecution, no rational trier of fact could have found that element proved. Indeed, it is unrefuted that appellant was operating a motor vehicle and that he had difficulty maintaining his vehicle in its proper lane. He failed all of the field sobriety tests offered, smelled of an alcoholic beverage, and made statements — even excluding the "two beer" statement — which could be construed as admissions of consuming alcoholic beverages. Consequently, the sufficiency of the evidence argument is without merit.
Concerning the weight of the evidence, appellant points to his expert medical witnesses. He argues that they clearly established that appellant's symptomology at the time of his arrest could well have been due to his medical condition rather than alcohol influence. We note that, other than appellant's congenital nystagmus, his symptomology could also have been explained by the influence of alcohol. On this evidence, we cannot say that the jury lost its way in opting for the latter explanation, rather than the former. Consequently, appellant's weight of the evidence argument is without merit.
Accordingly, appellant's third assignment of error is not well-taken.
On consideration whereof, the judgment of the Bowling Green Municipal Court is affirmed. Costs to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.