The STATE of Ohio, Appellee,

v.

WOODEN, Appellant.

[Cite as *State v. Wooden* (1993), 86 Ohio App.3d 23.]

Court of Appeals of Ohio,
Summit County.

No. 15548.

Decided Jan. 27, 1993.

24

*William Wellemeyer,* Summit County Assistant Prosecuting Attorney, for appellee.

*Donald Walker,* for appellant.

---

BAIRD, Judge.

This cause comes before the court upon the appeal of Mark V. Wooden from his conviction in the Summit County Court of Common Pleas on two counts of felonious assault, R.C. 2903.11(A)(2), one count of failure to comply with a signal

or order of a police officer, R.C. 2921.331(B), and one count of tampering with evidence, R.C. 2921.12(A)(1). Additionally, each count carried a firearm specification and the tampering with evidence and failure to comply counts carried specifications for a prior crime of violence. Appellant was sentenced to nine years' incarceration on the firearm specifications, plus twenty-four to sixty years on the remaining charges.

In the early morning hours of October 1, 1991, officers from the Akron Police Department received a "shots fired" call involving a maroon Cadillac with Alabama license plates. Two cruisers stopped the car, which carried four men, two in the front seat and two in the back seat. One cruiser was positioned in front of the car and one cruiser was positioned behind the car. After the car stopped, one man exited the vehicle from the back passenger-side seat and one officer gave chase.

The remaining three officers at the scene began to approach the car. A shot was then fired from the car, and the driver maneuvered the car around the cruisers and fled. As the car passed, officers returned fire on the vehicle.

During the ensuing chase, another shot was fired from the Cadillac. After travelling approximately one and a half miles through residential neighborhoods, the car stopped abruptly, running into a curb. The three remaining occupants bailed out of the car and fled the area on foot.

Responding to a call from a local hospital the next day, police officers arrested appellant and he was later identified as the driver of the vehicle and the person who had fired the first shot at the officers. Appellant was found guilty of all charges. It is from this conviction which he now appeals, asserting five assignments of error.

### Assignment of Error I

"The trial court erred in its application of R.C. 2929.71(B), R.C. 2921.331(B)(3) [sic] and R.C. 2921.12(A)(1) when it sentenced the defendant."

The trial court merged the firearm specifications attached to the counts of tampering with evidence and failure to comply with a signal or order of a police officer. Appellant now argues that the court erred in failing to also merge that specification with the two firearm specifications attached to the two counts of felonious assault, and in failing to also merge the latter specifications with each other, because they were committed as part of the same act, pursuant to R.C. 2929.71(B). This would have resulted in one three-year firearm sentence, instead of the three three-year sentences actually imposed.

The state argues, on the other hand, that three separate acts occurred during the events at issue. These were the initial stop of the vehicle, the pursuit of the

fleeing vehicle, and the period after appellant escaped and allegedly tampered with evidence.

■ Whether or not there were three separate acts or only one, we note that, absent a plain error, issues which were not addressed to the trial court at the time which they could have been remedied will not be reviewed on appeal. *State v. Self* (1990), 56 Ohio St.3d 73, 81, 564 N.E.2d 446, 454. As no objection to the three separate firearm specifications was made below, and as we are unable to find plain error, the first assignment of error is overruled.

## Assignment of Error II

"The trial court erred when it sentenced the defendant for failure to comply with an order or a signal of police officer pursuant to R.C. 921.331(B)(3) [*sic* ]."

■ Appellant argues that, because he immediately stopped his vehicle when he was signaled by the police cruiser's blue lights and sirens and because the officers did not verbally order him to stop, he fully complied with R.C. 2921.-331(B). R.C. 2921.331(B) states:

"No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring his motor vehicle to a stop."

A plain reading of the statute shows that a signal from an officer need not be verbal; the blue lights and siren qualify as an applicable signal to stop. Moreover, the fact that appellant stopped the vehicle does not discount the fact that a shot was then fired at an approaching officer and the appellant quickly led police on a chase in an attempt to flee. Appellant obviously did not comply with the officers' lights and sirens during the period of the chase.

Appellant's second assignment of error is not well taken.

## Assignment of Error III

"The trial court erred in sentencing appellant on the charge of tampering with evidence."

R.C. 2921.12, tampering with evidence, states in pertinent part:

"(A) No person, knowing that an official proceeding or investigation is in progress, or is about to be or likely to be instituted, shall do any of the following:

"(1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation."

■ Appellant was convicted under this statute for concealing the gun he used to fire the initial shot at the officer. He argues that the evidence was insufficient to find him guilty of tampering with this evidence.

■ In reviewing an insufficiency of evidence claim, this court must ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, after viewing the evidence in the light most favorable to the prosecution. *Jackson v. Virginia* (1979), 443 U.S. 307, 318–319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560, 573. See *State v. Jamison* (1990), 49 Ohio St.3d 182, 191, 552 N.E.2d 180, 188. After a thorough review of the record, we do not find sufficient evidence upon which the trial court could find appellant guilty beyond a reasonable doubt.

The evidence regarding the whereabouts of the gun at issue is minimal. At least three guns were involved in this incident, but only two were recovered— Officer Reilly's gun and a gun under the front passenger seat of the vehicle. While there was sufficient evidence that appellant fired the initial shot, ballistics tests showed that this shot was not fired from either of the guns recovered. Two officers testified that appellant had a gun during the initial stop of the vehicle. The area surrounding the vehicle was searched after the suspects fled. Additionally, two residences were searched. There is no evidence that either of these residences was that of the appellant.

While the third gun was not recovered, this evidence is not sufficient to show that the appellant "altered, destroyed, concealed, or removed" it. Many possibilities as to the whereabouts of the gun can be imagined, including the possibility that one of the other two suspects fled the scene with it in his possession. In any case, the fact that the police looked a few places for the gun and could not find it does not necessarily show that the appellant tampered with it.

The third assignment of error is well taken.

### Assignment of Error IV

■ "The identification by the jury of the appellant as the individual who fired the shot at Officer Reilly was contrary to the weight of the evidence presented by the prosecution."

In reviewing a claim that a trial court's finding was against the manifest weight of the evidence, this court must "review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Otten* (1986), 33 Ohio App.3d 339, 340, 515 N.E.2d 1009, 1010–1011; see, also, *State v. Martin* (1983), 20 Ohio

App.3d 172, 175, 20 OBR 215, 218, 485 N.E.2d 717, 720; *State v. Broden* (Dec. 26, 1991), Summit App. No. 15119, unreported, 1991 WL 284164.

A review of the record in this case shows that two of the three officers present positively identified appellant as the person who fired the first shot at the officer. Additionally, the third officer testified that the shot came from the driver's side and there is no contention that appellant was not the driver.

Appellant claims that the evidence presented showed that there was insufficient lighting to enable the officers to make a positive identification. The officers, however, testified as to which of their cruisers' lights were on and that they were certain appellant fired the shot. A weighing of this evidence and a determination of the credibility of the identifications made by the officers under those circumstances were for the trier of fact. We cannot say, based upon a review of the evidence, that the jury "clearly lost its way" in determining that appellant fired the shot at the officer.

The fourth assignment of error is not well taken.

### Assignment of Error V

"The trial court erred in allowing the use of suggestive and prejudicial identification procedures to positively identify appellant. The procedure was used in violation of appellant's procedural due process rights."

■ After appellant was apprehended, his mug shot and one other photograph were presented to the officer for identification of the driver of the vehicle. Appellant alleges that this was not in compliance with standard police procedures for identification from a photo array and argues that the procedure was suggestive and prejudicial.

We first note that no motion to suppress this evidence was filed before trial. Crim.R. 12(B)(3) provides, in pertinent part:

"Any defense, objection, or request which is capable of determination without the trial of the general issue may be raised before trial by motion. The following *must* be raised before trial:

" \* \* \*

"Motions to suppress evidence, including but not limited to statements and *identification testimony,* on the ground that it was illegally obtained. Such motions shall be filed in the trial court only." (Emphasis added). See *State v. Veal* (1982), Summit App. No. 10611, unreported, 1982 WL 2782.

Furthermore, it was the appellant and not the prosecution who elicited this testimony at trial. Appellant cannot now complain that the testimony should not have been allowed.

The fifth assignment of error is not well taken.

The judgment of the trial court is affirmed in part and reversed in part, and this cause is remanded to the trial court for further proceedings and resentencing consistent with this opinion.

*Judgment accordingly.*

QUILLIN, P.J., and CACIOPPO, J., concur.