DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The Medina County Court of Common Pleas dismissed the first count of a two count indictment by the Medina County Grand Jury against Jon R. Overholt. The State has appealed from the dismissal of the count that charged Overholt with tampering with evidence.
The State has assigned as error that the trial court improperly dismissed the charge against Overholt on the basis that he could not be charged with felony tampering with evidence, when the evidence pertained to a crime which was itself a misdemeanor. The assignment of error is sustained.
 I
While on patrol, Patrolman Martie of the Montville Township Police Department recognized Overholt driving a vehicle.[1]
Because he knew that Overholt's license was suspended, he attempted to pull him over. As he followed him with the lights on his cruiser flashing, Martie saw Overholt throw a small plastic bag out of the driver's window. After a short distance, Overholt pulled the car over. While another officer temporarily detained Overholt, Martie retrieved the plastic bag that he had seen Overholt toss from the car. On retrieval, the bag contained what appeared to be marijuana. After arresting Overholt, Martie searched the cruiser in which Overholt was temporarily held, and discovered rolling papers and marijuana.
The Medina County Grand Jury returned indictments on one count of possessing drug paraphernalia, in violation of R.C.2925.14(C), and one count of tampering with evidence, in violation of R.C. 2921.21. The Medina County Court of Common Pleas, on a motion by Overholt, dismissed the tampering with evidence charge citing State v. Wooden (1993), 86 Ohio App.3d 23. Proceedings on the remaining charge are stayed pending the outcome of this appeal. In addition to the offenses for which he was indicted, Overholt was separately charged with possession of marijuana.
 II A. Bootstrapping
The trial court held "that the State cannot elevate the misdemeanor charge of possession of marijuana to a felony, pursuant to [Wooden]." It provided no other basis for the dismissal.
In Wooden, the appellant exchanged gunfire with the police. The gun from which the appellant fired the initial shot could not be found. Based almost exclusively on the absence of the gun, the appellant was convicted of tampering with evidence. This court observed that "the fact that the police looked a few places for the gun and could not find it does not necessarily show that the appellant tampered with it." Wooden, 86 Ohio App.3d at 27. We sustained the relevant assignment of error solely because there was insufficient evidence to support the conviction. Wooden is entirely silent on whether, under appropriate circumstances, it is constitutional to convict an individual of felony tampering with evidence when the evidence purportedly being tampered with might support conviction on a minor misdemeanor charge. Wooden does not support the trial court's dismissal of the charge of tampering with evidence.
Because the trial court's decision is not supported by the case cited, and because no general legal principal was articulated as the basis for the decision, we review the matter to determine if the decision must be affirmed as legally correct, even though the articulated basis for it was incorrect. See Agricultural Ins.Co. v. Constantine (1944), 144 Ohio St. 275, 284. To do so, we review the other cases offered by Overholt in support of dismissal. Those are State v. Chandler (1989), 54 Ohio App.3d 92,State v. Parson (1990), 67 Ohio App.3d 201, and State v. Campbell
(1997), 117 Ohio App.3d 762, overruled by State v. Weitbrecht
(1999), 86 Ohio St.3d 368, 373.
In Chandler, the actions of the defendant fit within the elements by which each of two distinct crimes were defined. Chandler was convicted of the possession of criminal tools, a felony, for the act of possessing a syringe for drug use. Those identical actions would also have supported a conviction for the misdemeanor, possession of drug abuse instruments. Predicated upon State v. Volpe (1988), 38 Ohio St.3d 191, the Eighth District Court of Appeals held that it was unconstitutional to punish the appellant pursuant to the harsher, more general statute in the face of clear legislative intent to provide a lesser punishment for specific actions such as the appellant's. See Chandler,54 Ohio App.3d at 93-95.
Here, Overholt was not charged with a felony when there was a misdemeanor offense that encompassed the entirety of his actions. Rather he was charged with a felony on the basis of additional actions that were related to concealing his participation in the lesser crime. Chandler does not support the dismissal of the felony charges against Overholt.
In Campbell, the Second District Court of Appeals concluded that, "a felony conviction for causing the death of another as a proximate result of committing a strict liability minor misdemeanor — that is, a minor misdemeanor without any indicia of criminal negligence or of any more culpable mental state — is grossly disproportionate to the offense and shocks the sense of justice of the community." Campbell, 117 Ohio App.3d at 770. The Supreme Court of Ohio rejected the reasoning of the Campbell court in State v. Weitbrecht (1999), 86 Ohio St.3d 368. In that case, the Court held that the statute in question violated neither theEighth Amendment to the United States Constitution nor Section 9, Article I of the Ohio Constitution. Id. at syllabus. In doing so, the Court noted that "[w]here human lives are lost, the gravity of the crime is serious and is not lessened by the fact that the underlying crime consists of a minor misdemeanor." Id.
at 373.
In like manner, while it is not on the same magnitude as the loss of human life tampering with evidence is serious, because it undermines our system of justice. The gravity of that offense is not lessened by the fact that the crime the defendant was attempting to conceal is a misdemeanor.
Finally, Overholt referred the trial court to the Parson
decision of the Eighth District Court of Appeals. The Parson
court held that, under the circumstances of the case, possessing a jukebox and television with the purpose of using them to keep a place where alcohol was furnished, was equivalent to the crime of attempt. Parson, 67 Ohio App.3d at 205-206. Merely possessing such tools with a criminal intent was less serious than actually using those tools in commission of the ultimate crime. Because of this, the court held that the imposition of the greater punishment for possession of tools with the purpose of using them criminally was "excessive and grossly disproportionate" to the imposition of the lesser penalty attached to the crime which his use of those tools completed. Id. at 206.
The Parson analysis relied on the greater offense being an inchoate offense to the lesser one. Tampering with evidence is not an inchoate offense, relative to possession. Tampering with evidence is a completed offense, in its own right. Even if we ignore the relationship on which the Parson case depended, we are not faced with a more serious offense being punished less seriously. Here, tampering involved both possessing the marijuana and disposing of it, as opposed to merely possessing it. Correspondingly, tampering is assigned a greater punishment than mere possession. Parson does not support the dismissal of the charge of tampering with evidence.
Asserted Facts do not Constitute Tampering
 In his motion to dismiss, Overholt also asserted as a basis for dismissal that "what is claimed in this case does not constitute an offense." He has made the same argument to this court. Overholt did not contend to the trial court, and has not contended to this court, that the language of the indictment does not state a crime. What he has asserted is that his alleged actions did not constitute the crime of tampering with the evidence.
This court has previously held that a motion by the defendant to dismiss an indictment is only properly granted when the indictment is invalid on its face. Akron v. Thomas (Jan. 27, 1999), Summit App. No. 19031, unreported, at 3. Any challenge that goes beyond the face of the indictment may be presented only as a motion for acquittal at the close of the state's case. Id.
The trial court could not properly have granted Overholt's motion to dismiss on the basis asserted because it challenged the quantity and quality of the evidence, not the sufficiency of the indictment. See State v. Elbert (Oct. 4, 1995), Lorain App. Nos. 95CA006082 and 95CA006083, unreported, at 4.
Notice
 In his motion for dismissal, Overholt also contended that the indictment did not give him adequate notice of the specific charges against him. He has made the same argument to this court. Overholt was indicted on February 5, 1998, and was served with a summons on the indictment on February 6, 1998. The indictment was a nearly verbatim recitation of
 R.C. 2921.12(A)(1), without elaboration, as was the bill of particulars. The complaint also recited the language of the tampering statute but added, "To Wit: Threw a baggie containing marijuana out driver's window while in the process of being stopped for a traffic violation."
The indictment was "in the words of the applicable section of the statute," which were sufficient to give Overholt "notice of all the elements of the offense with which [he was] charged." See Crim.R. 7(B). This is particularly true in light of the copy of the complaint attached to the summons, as required by Crim.R. 4(C)(2). Finally, even if the indictment and bill of particulars were not as precise as they might be, the defendant has not been prejudicially misled as to the offense with which he has been charged. Under the circumstances in this case, the alleged imperfection in the indictment and bill of particulars, could be easily remedied pursuant to Crim.R. 7(D) and would not likely result in dismissal by the trial court. These circumstances do not mandate that we affirm the otherwise improper dismissal by the trial court of the charge against Overholt.
 III
The State has correctly argued that Wooden does not support the trial court's dismissal of the tampering with the evidence count against Overholt. None of the reasons suggested by Overholt convince this court that the dismissal was proper when based on reasons other than those cited by the trial court. The assignment of error by the State is sustained. The judgment of the trial court is reversed, and the cause remanded.
Judgment reversed, and cause remanded.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM R. BAIRD
FOR THE COURT SLABY, J.
CARR, J., CONCUR
[1] The description of Overholt's arrest is taken primarily from the Statement of Facts contained in the State's brief. For the purposes of this appeal Overholt has contended that the indictment against him was properly dismissed, even if the facts asserted by the State are true.