THE STATE OF OHIO, APPELLEE, *v.* AMYX, APPELLANT.

(No. C-870729—Decided
October 5, 1988.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *William E. Breyer* and *Mark Piepmeier,* for appellee.

*Peter Rosenwald,* for appellant.

HILDEBRANDT, J. Defendant-appellant, Harold Amyx, appeals from the judgment of the Hamilton County Court of Common Pleas in which he was convicted and sentenced on two counts of rape as proscribed under R.C. 2907.02. In this timely appeal, the appellant advances the following assignments of error:

"The defendant-appellant was substantially prejudiced as to his right to a fair trial by the ineffective assistance of his counsel.

"The defendant-appellant was denied a fair trial by the misconduct of the prosecuting attorney.

"The verdict and judgment were against the manifest weight of the evidence."

For the reasons that follow, we find each of the assignments to be without merit, and we affirm the judgment of the court below.

The record discloses that in June 1986 the victim was residing alone in an apartment in downtown Cincinnati. The victim testified that on the evening of June 19, 1986, she encountered the appellant, whom she had met earlier that month at an establishment known as the "Subway." The victim stated that the Subway was a gay bar, that she was a lesbian, and that she assumed that the appellant was gay because he frequented the Subway. The pair walked around downtown Cincinnati for approximately forty-five minutes, concluding their stroll at the victim's apartment. At the appellant's request, the victim admitted the appellant to her apartment for a glass of water. The victim then agreed to accompany the appellant to the Subway. When the victim left the appellant in her living room and went into her bedroom to change into more appropriate attire, the appellant followed her, grabbed her from behind, and pushed her onto the bed, where he forced her to engage in anal and vaginal intercourse. The appellant then left the apartment, and after approximately an hour, the victim regained her composure, dressed, and went to a nearby telephone booth to summon the police.

The appellant testified that, on the evening in question, he met the victim at the Subway and that they proceeded from there for a walk around town. In the course of the walk, the victim mentioned that she was out of work, prompting the appellant to suggest an exchange of sexual favors for money. The victim agreed, and the pair proceeded to the victim's apartment, where they engaged in oral and vaginal intercourse. The pair then dressed and left the apartment together in search of an automatic teller machine. The appellant admitted that the search for a teller machine was a ruse by which he successfully eluded the victim, leaving her standing on a street corner.

On direct examination, appellant acknowledged a criminal history which included breaking and entering, aggravated burglary, forgery, theft, and

sexual battery. He stated that a few days after the events of June 19, 1986, he fled to Atlanta, Georgia, because of an outstanding warrant against him for passing bad checks. Appellant was apprehended in that city and returned to Cincinnati, where he was indicted on two counts of rape.

## I

The appellant, in his first assignment of error, contends that he was deprived of the effective assistance of trial counsel and presents eight instances in support of his claim. The appellant also contends that the cumulative effect of the alleged instances of malfeasance and nonfeasance was sufficiently prejudicial to have denied him a fair trial. We find the first assignment of error to be without merit.

To begin our analysis of this assignment of error, we note that it is incumbent upon this court to determine whether defense counsel violated an essential duty owed to the appellant and whether the appellant was thereby prejudiced. See *Strickland* v. *Washington* (1984), 466 U.S. 668; *State* v. *Cooperrider* (1983), 4 Ohio St. 3d 226, 4 OBR 580, 448 N.E. 2d 452.

## A

The appellant's first argument is that his trial counsel permitted the seating of eight women and only four men on the jury panel. It is the appellant's contention that, as a general rule, female jurors tend to be more likely to convict a male charged with the rape of a female than are male jurors. The appellant does not cite any authority for this proposition, and it is not supported by the record of this case. Rather, the notion that defense counsel should have attempted to exclude women from the venire systematically runs afoul of the spirit of the mandate against the exclusion from jury service of members of an identifiable group, which the United States Supreme Court enunciated in *Batson* v. *Kentucky* (1986), 476 U.S. 79.

The appellant also objects to defense counsel's use of a peremptory challenge to remove a potential male juror who was replaced by a prospective female juror. Upon reviewing the record, we note that the male juror previously had been the victim of a crime and had daughters who were the same age as the victim. We cannot say that counsel improvidently exercised their peremptory challenge when they excused the male juror.

## B

The appellant next asserts that counsel's cross-examination of the victim was inadequate. The record does not support this assertion.

Certainly, the cross-examination of a rape victim must be accomplished with the utmost care. Counsel must establish the pertinent points that are the object of the cross-examination, while at the same time he must not appear to be badgering the witness in the eyes of the jurors. Our review of counsel's cross-examination of the victim does not corroborate the appellant's claims of ineffectiveness. The victim's prior convictions for passing bad checks and her sexual preference had been established by the state during its direct examination. Defense counsel challenged the victim on inconsistencies between her trial and preliminary hearing testimony and questioned her concerning the defense's theory of the case, *viz.*, consensual relations for which the appellant failed to compensate the victim, thereby successfully laying the groundwork for the appellant's defense.

## C

The appellant also cites as ineffective defense counsel's stipulation to a criminalist's report which indicated the presence of semen in the cut-off shorts that the victim testified to wear-

ing before, but not after, the attack. We find no prejudice to the appellant because the presence of semen in the victim's clothing substantiates appellant's contention that the victim wore the shorts when she accompanied him in search of a teller machine. Further, contrary to the appellant's contention, defense counsel emphasized this contradiction during closing argument.

### D

The appellant complains next that counsel's cross-examination of the physician who examined the victim subsequent to the attack was inadequate. The appellant's contention is unfounded. Counsel established that the victim's complaints of rectal pain were subjective. Further, counsel's failure to pursue the insignificance of the victim's epidermal laceration was of no consequence because the appellant admitted participating in vaginal intercourse with the victim and that it was uncomfortable for her.

### E

The appellant correctly notes that defense counsel did not renew the Crim. R. 29 motion for acquittal at the close of all evidence, thereby waiving that matter for review. However, we perceive no prejudice to the appellant because we find, from our review of the record, that the state established sufficient evidence such that reasonable minds could differ as to whether each and every element of the instant offenses had been proven beyond a reasonable doubt. See *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261, 9 O.O. 3d 401, 381 N.E. 2d 184, syllabus. Additionally, we note that the appellant's third assignment of error, which challenges the weight of the evidence against him, also questions the sufficiency of the evidence. We will, therefore, address each of those contentions in our disposition of that assignment.

### F

Next, the appellant denigrates counsel's failure to object to the state's purportedly repetitive references during its closing argument to the appellant's criminal history and his use of aliases. This contention is feckless.

It was appropriate trial strategy for defense counsel to communicate the appellant's criminal record to the jury rather than to leave that matter to be elicited from the appellant during cross-examination by the assistant prosecuting attorney. Additionally, we do not find that the assistant prosecutor's closing argument went beyond the acceptable in his reference to those matters. He told the jury they could consider the appellant's criminal record for purposes of assessing his credibility, and the court appropriately instructed the jury concerning those matters.

### G

The appellant's next claim is that defense counsel failed to object to the trial court's failure to instruct the jury concerning the use of the victim's criminal record in determining her credibility. We perceive no prejudice to the appellant.

In its charge, the court instructed the jury, *inter alia:*

"You are the sole judges of the facts, the credibility or believability of the witnesses and the weight of the evidence.

"To weigh the evidence you must consider the credibility of the witnesses. You will apply the tests of truthfulness which you apply to your daily lives.

"These tests include the appearance of each witness upon the stand; his or her manner of testifying; the reasonableness of the testimony; the opportunity he or she had to see, hear

and know the things concerning which he or she testified; his or her accuracy of memory, frankness or lack of it; intelligence, interest and bias, if any, *together with all the facts and circumstances surrounding the testimony.*

"Applying these tests you will assign to the testimony of each witness such weight as you deem proper. You are not required to believe the testimony of any witness simply because he or she was under oath. You may believe or disbelieve all or any part of the testimony of any witness.

"It is your province to determine what testimony is worthy of belief and what testimony is not worthy of belief.

"Testimony was introduced that the defendant has prior convictions of criminal acts. His testimony may be considered for the purpose of helping you to test the credibility or weight to be given his testimony. It cannot be considered for any other purpose." (Emphasis added.)

Certainly, it would have been appropriate for the court to instruct the jury that it consider the victim's criminal history in assessing her credibility. However, we do not believe it to be beyond the comprehension of the jury that the facts and circumstances surrounding the victim's testimony included the criminal record that she acknowledged during direct examination.

### H

The appellant's final example of alleged ineffective assistance is that counsel failed to request cautionary instructions during the course of the trial, and that therefore, several objectionable questions were permitted to stand in the record. However, he fails to cite specifically to those portions of the record that are allegedly prejudicial.

App. R. 12(A) provides in pertinent part that "[e]rrors not specifically pointed out in the record and separate- ly argued by brief may be disregarded. All errors assigned and briefed shall be passed upon by the court in writing, stating the reasons for the court's decision as to each such error." Accordingly, the eighth objection under this assignment of error is feckless.

We find no instance in defense counsel's conduct of the trial from which we might conclude that counsel violated an essential duty owed to the appellant by which the appellant was prejudiced. Therefore, the first assignment of error is overruled.

### II

In his second assignment of error, appellant claims that alleged misconduct by the prosecuting attorney denied him a fair trial. Appellant's arguments in support of this assignment echo those supporting his sixth objection under the first assignment of error, which we have heretofore rejected. Accordingly, the second assignment of error is overruled.

### III

The appellant's third and final assignment of error challenges the weight and the sufficiency of the evidence. This assignment lacks merit.

Appellant was charged with two counts of rape in contravention of R.C. 2907.02(A)(2), which provides:

"No person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."

We conclude that the record before us contains substantial evidence upon which the jury could reasonably conclude that all the elements of the instant offenses had been proved beyond a reasonable doubt. See *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 10 O.O. 3d 340, 383 N.E. 2d 132, syllabus. With respect to the appellant's challenge to the weight of the evidence, we have reviewed the entire record, weighed

the evidence and all reasonable inferences, and considered the credibility of the witnesses to the extent permissible on appeal, and we determine that the jury, in resolving the conflicts in the evidence, clearly did not lose its way and create such a manifest miscarriage of justice that the appellant's convictions must be reversed and a new trial ordered. *State v. Martin* (1983), 20 Ohio App. 3d 172, 20 OBR 215, 485 N.E. 2d 717, paragraph three of the syllabus. See, also, *Tibbs* v. *Florida* (1982), 457 U.S. 31; *State* v. *Robinson* (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E. 2d 148. Accordingly, we overrule the appellant's third assignment of error and affirm the trial court's judgment.

*Judgment affirmed.*

SHANNON and UTZ, JJ., concur.