OPINION
Defendant-appellant, Jonathan Willis, appeals his conviction in the Butler County Court of Common Pleas for possession of cocaine, a fourth-degree felony. The judgment of the trial court is affirmed.
During the afternoon of January 6, 2000, Hamilton Police Officers Richard Heidorn and Robert Horton observed appellant walking along Walnut Drive, in Hamilton, on Butler Metropolitan Housing Authority ("BMHA") property. From prior contacts with appellant, the officers knew he lived in Middletown. The officers called appellant to their vehicle, and asked him why he was on BMHA property, a no trespassing area. Appellant did not provide an explanation, but indicated that he was leaving, and would not return. At that time, the officers noticed that appellant's right hand was clenched in a fist.
The officers drove away, turned around, and drove back toward appellant. As they approached him, Officer Heidorn saw appellant bend down near a fence post, and saw an object fall to the ground out of appellant's hand. Appellant continued walking down the street, and Officer Horton went to the fence post, where he retrieved a baggie containing five off-white "rocks," which, after testing, was found to be 1.11 grams of crack cocaine.
Appellant entered a nearby convenience store. The officers parked in a vacant lot, waiting for appellant to emerge. About five minutes later, appellant left the convenience store, and walked back to the fence post, where he slowed his pace and appeared to the officers to be looking for something. The officers then arrested appellant for possession of cocaine, a violation of R.C. 2925.11(A), a fourth-degree felony. Appellant was indicted, found guilty by a jury, and sentenced accordingly. Appellant appeals, raising three assignments of error.
Assignment of Error No. 1:
THE TRIAL COURT ERRED WHEN SENTENCING APPELLANT.
 The trial court sentenced appellant to a term of nine months in prison. As part of his sentence, the trial court notified appellant that bad time may be imposed by the Parole Board, pursuant to R.C. 2967.11, for certain rule violations. Appellant contends that the trial court erred by advising him that he may be subject to bad time pursuant to R.C. 2967.11, when the Supreme Court of Ohio found the statute to be unconstitutional in State ex rel. Bray v. Russell
(2000), 89 Ohio St.3d 132. The Bray decision was released the same day that appellant was sentenced.
An advisory that the defendant may be sentenced to bad time for offenses committed while incarcerated is not part of the defendant's sentence. Woods v. Telb (2000), 89 Ohio St.3d 504. Bad time is an additional sentence that, prior to Bray, could have been levied against appellant for crimes committed while incarcerated. Appellant's sentence is not unlawful or invalid because the trial court merely mentioned that he could have been subject to bad time. State v. McBride (Jan. 26, 2001), Montgomery App. No. 18016, unreported. We further note that the trial court was only following the law, to the best of its ability, as it existed on the day that appellant was sentenced.
Appellant also contends that the trial court erred by sentencing him to a greater than minimum sentence, when no evidence was presented that appellant served a prior prison sentence.
Pursuant to R.C. 2953.08(G)(1), an appellate court may not disturb an imposed sentence unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is that evidence "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus. The sentence imposed upon the offender should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crime by the offender," and "to punish the offender." R.C. 2929.11(A). The applicable record to be examined by a reviewing court includes (1) the presentence investigative report; (2) the trial court record in the case in which the sentence was imposed; and (3) any oral or written statements made to or by the court at the sentencing hearing at which the sentence was imposed. R.C.2935.08(F)(1)-(3).
Once a trial court determines that a prison term is warranted, it must select a definite term from the range available under R.C. 2929.14(A)(1). Appellant was convicted on one count of possession of cocaine in an amount exceeding one gram, a fourth-degree felony. The sentencing range for a fourth-degree felony is a prison term of six to eighteen months. R.C.2929.14(A)(4). Appellant was sentenced to a nine-month prison term. While appellant was not sentenced to the minimum allowable prison term, he was also not sentenced to the maximum allowable prison term for his offense.
Appellant alleges that he should have been sentenced to the minimum sentence pursuant to R.C. 2929.14(B). This provision requires a trial court to impose the minimum prison term upon an offender who has not previously served a prison term unless the court finds on the record that to do so would "demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." The presentence investigative report indicates that appellant served two prison terms before he was convicted and sentenced in the present case. Accordingly, appellant's contention that the trial court violated R.C. 2929.14 when it sentenced him has no merit.
Assignment of Error No. 2:
 APPELLANT'S CONVICTION FOR POSSESSION OF COCAINE IS CONTRARY TO LAW AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 Appellant's second assignment of error commingles the concepts of weight of the evidence and sufficiency of evidence. These legal concepts are not synonymous. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. The terms are both quantitatively and qualitatively different. Id. at paragraph two of the syllabus. "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in trial, to support one side of the issue rather than the other." Id. at 387 (citations omitted). Sufficiency is a term of art that tests whether, as a matter of law, the evidence presented at trial is legally sufficient to sustain a verdict. Id. at 386.
Appellant first argues that the prosecution failed to prove the elements of possession of cocaine. Although citing legal authority regarding manifest weight of the evidence, appellant's argument pertains only to sufficiency of the evidence. Appellant's references to manifest weight appear to be the result of imprecision rather than a desire to raise a specific legal argument. Since appellant's assignment of error and supporting arguments only pertain to the sufficiency of the evidence, we need not address whether appellant's conviction is against the weight of the evidence. App.R. 12(B); see, also, State v. Watson
(1998), 126 Ohio App.3d 316, 321. However, we note that our review of the record indicates that appellant's conviction is supported by the weight of the evidence.
When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial to determine whether the evidence, when viewed in a light most favorable to the prosecution, would convince the average mind of the defendant's guilt. State v. Goodwin (1999), 84 Ohio St.3d 331,343-44. The relevant inquiry is whether "any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus.
Appellant was convicted of possession of cocaine, a violation of R.C.2925.11(A), which states, "[n]o person shall knowingly obtain, possess, or use a controlled substance." According to the Ohio Revised Code, possession is "a voluntary act if the possessor knowingly procured or received the thing possessed, or was aware of his control thereof for a sufficient time to have ended his possession." R.C. 2901.21(C)(1). Reviewing the evidence in a light most favorable to the prosecution, we find that a rational trier of fact could have found that the elements of possession of cocaine were proven beyond a reasonable doubt.
Officers Heidorn and Horton testified that they observed appellant walking along Walnut Street, in Hamilton, Ohio, with his fist clenched. They further testified that they observed appellant drop something from his clenched fist. The item was retrieved, and found to be a baggie containing what later tested to be crack cocaine. Appellant was then observed walking back to where the item was dropped, where he appeared to be looking for something on the ground. As there is sufficient evidence from which a reasonable person could infer that appellant was in possession of cocaine, we find this argument to be without merit.
Appellant next contends that the jury was improperly allowed to view exhibits which were identified, but not admitted into evidence. The exhibits includes several photos and the crime laboratory report identifying the "rocks" as crack cocaine.
R.C. 2945.35 (emphasis added) states as follows:
 Upon retiring for deliberation, the jury, at the discretion of the court, may take with it all papers except depositions, and all articles, photographs, and maps which have been offered in evidence. No article or paper identified but not admitted in evidence shall be taken by the jury upon its retirement.
 The Ohio Supreme Court rejected a literal reading of the statute, construing R.C. 2945.35 in the following manner: "[t]he obvious purpose of the statute is the exclusion from the jury room of that evidence which has been ruled inadmissible." State v. Graven (1977), 52 Ohio St.2d 112, 113. The court reasoned that to read the statute literally would operate to exclude such items as verdict forms, note paper, balloting paper, etc., which clearly would be permitted in the jury room. Id.
The Seventh District Court of Appeals followed this reasoning to conclude that a video which is identified and played for the jury during the trial, can properly be replayed in the jury room, even though never admitted into evidence. See State v. Callahan (Mar. 22, 2000), Mahoning App. No. 97CA224, unreported. The court reasoned that, since the videotape could have been properly admitted into evidence, no error would occur if it were replayed for the jury, even though not admitted. Id.; see, also, State v. Weaver (Nov. 21, 1984), Summit App. No. CR 84-01-0075, unreported (holding that a diagram, identified, but not admitted into evidence, could be used by the jury as nothing indicated that the diagram was inaccurate, confusing or misleading, or would have rendered it inadmissible); but, see, State v. Black (Mar. 16, 2001), Montgomery App. 2001 WL 256231 (holding that trial court properly refused to allow the jury, upon retiring to deliberate, to take back to the jury room shoes which had been identified, but not admitted into evidence).
This view is consistent with the approach utilized by the Sixth Circuit Court of Appeals. In Blackmon v. U.S. (C.A.6, 1973), 474 F.2d 1125, a map which had been marked for identification purposes but not received into evidence was taken by the jury into the jury room. Despite the fact that it had never been admitted into evidence, the court held that no reversible error had occurred as there was no reason to believe that the admission of the evidence would have been refused if the appropriate request had been made. Id. at 1126. As such, no prejudice resulted.
In the present case, appellant has not argued that the evidence which was identified, but not admitted, would not have been admissible had the proper request been made. Accordingly, we also find this argument to be without merit.
The second assignment of error is overruled.
Assignment of Error No. 3:
 THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION.
 The United States Supreme Court has established a two-prong test process for evaluating an allegation of ineffective assistance of counsel:
 First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.
Strickland v. Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052,2064. Furthermore, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and that "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689, 104 S.Ct. at 2066.
Appellant first argues that he was denied the effective assistance of counsel because his attorney failed to make a Crim.R. 29 motion for dismissal at the end of the state's case, and again at the close of the trial.
Assuming arguendo, that counsel's actions were deficient, appellant has not shown that the failure to make the Crim.R. 29 motion prejudiced him. Under Crim.R. 29(A), a trial court shall order the entry of a judgment of acquittal on one or more of the charged offenses if the evidence is insufficient to sustain a conviction when examining all the evidence in the light most favorable to the state. State v. Bridgman (1978),55 Ohio St.2d 261, 263; State v. Tinch (1992), 84 Ohio App.3d 111, 124. When counsel fails to make the motion, there is no prejudice to a defendant and, consequently, no denial of the effective assistance of counsel, if the state introduces sufficient evidence such that reasonable minds could differ as to whether each and every element of the offense had been proven beyond a reasonable doubt. Crim.R. 29(A); State v. Amyx
(1988), 55 Ohio App.3d 54, 57. As stated in our resolution of appellant's second assignment of error, sufficient evidence was presented to establish each element of the crime. Accordingly appellant suffered no prejudice as a result of counsel's failure to make the motion.
Appellant next contends that he was denied the effective assistance of counsel because his attorney failed to object when the jury was allowed to view the state's exhibits which were not admitted into evidence.
Again, assuming arguendo, that counsel's performance was deficient, appellant has failed to demonstrate that he suffered any prejudice. The jury was properly allowed to view the exhibits as there is no indication that the evidence would not have been admitted had the appropriate request had been made.
Appellant has failed to demonstrate the requisite prejudice to prevail on a claim of ineffective assistance of counsel. Accordingly, appellant's third assignment of error is overruled.
 ______________________ WALSH, J.
VALEN, P.J., and POWELL, J., concur.