OPINION
Defendant-appellant, Edmund Davis, appeals his convictions in the Butler County Court of Common Pleas, for possession of cocaine in violation of R.C. 2925.11(A) and tampering with evidence in violation of R.C. 2921.12(A)(1). The convictions are affirmed.
On October 13, 2000, Middletown Police Detective Jim Cunningham and Officer Jonathon Rawlins investigated complaints concerning the residence at 28 Curtis Street in Middletown. They were greeted at the front door by Patty Birch, who lives at the home. She let the officers in, consented to their request to search the residence and informed the officers where they would find other occupants.
The officers came upon appellant and Veramonica Mikesell in the bathroom. Detective Cunningham spoke with Mikesell who produced a glass crack pipe. During this exchange, Officer Rawlins observed that appellant was chewing something. He asked appellant to open his mouth. When he did, Officer Rawlins observed a small plastic bag in appellant's mouth which contained a white, chunky substance. At Officer Rawlins' direction, appellant spit out the bag. He swallowed the residue that remained in his mouth. The contents of the bag were later analyzed and discovered to be cocaine.
Appellant was indicted on one count of possession of cocaine and one count of tampering with evidence, and convicted of the same charges after a jury trial. He appeals, raising four assignments of error.
Assignment of Error No. 1:
 IT IS A LEGAL IMPOSSIBILITY TO CONCEAL "EVIDENCE", WHEN THE STATE CHARGES HIM WITH POSSESSING DRUGS-BY POSSESSING IT IN HIS MOUTH.
Assignment of Error No. 2:
 IN MAKING WAR UPON DRUGS, THE STATE AND COURTS CANNOT BE ALLOWED TO MISUSE LAWS TO GET ENHANCED SENTENCES OR CLOUT TO CAUSE AN ACCUSED TO PLEAD TO LESSOR CRIMES. IT IS THE LEGISLATURE'S PROVINCE TO WRITE LAWS OR ENHANCE PENALTIES.
In his first two assignments of error, appellant contends that he could not be convicted of concealing evidence because the police observed appellant chewing the plastic bag containing cocaine and subsequently recovered the evidence.
Appellant has failed to support this contention with any legal authority, and has failed to provide an authoritative argument demonstrating that this contention has merit. App.R. 16(A)(7) requires that an appellant's brief contain the contentions of the appellant with respect to each issue presented for review and the reasons in support of the contentions, with citations of the authorities, statutes, and parts of the record on which appellant relies. This court may disregard an assignment of error if a party fails to argue an assignment of error as required under App.R. 16(A). App.R. 12(A)(2); see, also, State v.Watson (1998), 126 Ohio App.3d 316, 321.
Nonetheless, we overrule the first and second assignments of error, as possession of cocaine and tampering with evidence are entirely separate crimes, each requiring that different elements be proven. See, e.g.,State v. Conklin (Mar. 27, 1995), Butler App. No. CA94-03-064, unreported. "Excepting lesser included offenses and allied offenses, there is no reason to exonerate appellant of one crime because he simultaneously committed another." Id., citing State v. Williams
(1993), 89 Ohio App.3d 288, 291.
Assignment of Error No. 3:
 THE DEFENDANT'S COURT-APPOINTED COUNSEL WAS INEFFECTIVE.
A two-pronged test is applied to determine whether a criminal defendant received ineffective assistance of counsel at trial. Stricklandv.Washington (1984), 466 U.S. 668, 104 S.Ct. 2052. To support a claim of ineffective assistance of counsel, the defendant must first show that counsel's actions were outside the wide range of professionally competent assistance. Id. at 687, 104 S.Ct. at 2064. Second, the defendant must demonstrate that he was prejudiced by counsel's actions. Id. Trial counsel's performance will not be deemed ineffective unless the defendant shows that "counsel's representation fell below an objective standard of reasonableness," id. at 688, 104 S.Ct. at 2064, and that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, 143, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. The defendant bears the burden of establishing both prongs before a reviewing court will deem trial counsel's performance ineffective. Strickland at 687, 104 S.Ct. at 2064.
A properly-licensed attorney is presumed competent. Vaughn v. Maxwell
(1965), 2 Ohio St.2d 299, 301. Any questions regarding the ineffectiveness of counsel must be viewed in light of the evidence against the defendant, Bradley at 142-143, with a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland at 689, 104 S.Ct. at 2065. A presumption exists that "under the circumstances, the challenged action `might be considered sound trial strategy.'" Id.
Appellant alleges that his trial counsel was ineffective in six instances. Appellant first contends that his trial counsel was ineffective for making the following statement during opening argument:
 [W]e are essentially here to see the Prosecution and, and prove Mr. Davis' guilt beyond a reasonable doubt based on the evidence presented.
Appellant has merely restated the first sentence of trial counsel's opening statement. He does not point out an alleged deficiency or allege that he was prejudiced by this statement. Trial counsel's statement, while perhaps not well articulated, informs the jury of the prosecution's burden of proving appellant's guilt beyond a reasonable doubt. Trial counsel continued his opening statement, informing the jury that appellant has a constitutional right to be presumed innocent of the charges. In the context of the entire opening statement, the above referenced statement neither falls below an objective standard of reasonable representation, nor is prejudicial.
Appellant next alleges that trial counsel was ineffective for failing to request an instruction directing the jury to disregard hearsay testimony that was successfully challenged on objection. This contention is without merit, as the failure to request an instruction to the jury to disregard testimony that was successfully challenged is not prejudicial. See State v. Davie (1997), 80 Ohio St.3d 311, 331. Counsel's decision not to interrupt the flow of the trial in this context reflects an objective standard of reasonable representation. See id.
Appellant next alleges that the state was allowed to present hearsay evidence that "Patty bought cocaine." Appellant fails to allege how trial counsel was deficient, or the prejudice that he suffered. However, we presume that appellant intended to argue that trial counsel was ineffective for failing to object to the alleged hearsay testimony.
We find this argument as well to be without merit. Hearsay is "a statement * * * other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(c). At trial, Detective Cunningham testified that he "learned that Patty Brooks bought a quantity of crack cocaine[.]" This statement was not offered in evidence to prove the truth of the matter asserted, that Patty Brooks bought cocaine. It is accordingly not hearsay testimony, and appellant cannot demonstrate that he suffered prejudice by trial counsel's failure to object to it.
Appellant next contends that trial counsel was ineffective for failing to make a Crim.R. 29 motion for acquittal. Appellant contends that "[t]his omission cannot be a tactic," yet fails to provide any legal support for his assertion. Appellant contends that the motion would have been granted because the state failed to present evidence of an official investigation, necessary to convict him of the tampering with evidence charge.
Under Crim.R. 29(A), a trial court shall order the entry of a judgment of acquittal on one or more of the charged offenses if the evidence is insufficient to sustain a conviction when examining all the evidence in the light most favorable to the state. State v. Bridgeman (1978),55 Ohio St.2d 261, 263; State v. Tinch (1992), 84 Ohio App.3d 111, 124. There is no prejudice to a defendant and, consequently, no ineffective assistance of counsel for not making the motion, if the state introduces sufficient evidence on each element of the offenses. State v.Amyx
(1988), 55 Ohio App.3d 54, 57.
R.C. 2921.12 provides:
 (A) No person, knowing an official proceeding or investigation is in progress, or is about to be or is likely to be instituted, shall do any of the following:
 (1) Alter, destroy, conceal, or remove any record, document, or thing, with purpose to impair its value or availability as evidence in such proceeding or investigation[.]
Appellant argues that the State did not produce sufficient evidence that an investigation was in progress or about to be instituted. At trial, Detective Cunningham testified that he and Officer Rawlins, while on duty and in uniform, went to the home of Patty Birch. Birch consented to the request to search the home. Upon searching the home, Detective Rawlins came across appellant in a back bathroom, chewing a plastic bag. Appellant swallowed some of the contents before expelling the bag. Evidence that two police officers were conducting a search of the home was sufficient evidence that an investigation was in progress. See Statev. Dell (July 31, 2000), Butler App. Nos. CA99-06-102, CA99-07-118, unreported; State v. Diana (1976), 48 Ohio St.2d 199. This evidence, viewed in a light most favorable to the state, establishes the necessary elements of the offense of tampering with evidence. Trial counsel was therefore not ineffective for failing to move for a dismissal of the charge pursuant to Crim.R. 29.
Appellant next alleges that at the time Officer Rawlins asked him to spit out the plastic bag, "there was no arrest and the warrantless search was unlawful." Although not stated directly by appellant, we presume that appellant intends to allege that trial counsel was ineffective for failing to file a motion to suppress evidence of the plastic bag and its contents.
It is well-established that a defendant's right to effective assistance of counsel does not require defense counsel to file a motion to suppress evidence where none of the defendant's constitutional rights were violated. State v. Lott (1990), 51 Ohio St.3d 160, 175. One who asserts a claim of ineffective assistance on the basis of trial counsel's failure to file a motion to suppress must show that the failure to file the motion caused him prejudice. State v. Robinson (1996),108 Ohio App.3d 428, 433. Upon reviewing the record, we find that trial counsel was not ineffective for failing to move to suppress the plastic bag and the cocaine that it contained.
The police officers searched the home with the valid consent of Birch. When they came upon appellant, he was asked to spit out the plastic bag. He consented to the request and spit it out voluntarily. As appellant voluntarily complied with the request, no violation of his constitutional rights occurred, and filing a motion to suppress would have been futile. See State v. Penn (1991), 61 Ohio St.3d 720, 723-24. Accordingly, trial counsel was not ineffective for failing to file the motion.
Appellant lastly contends that trial counsel was ineffective for failing to argue at trial that the two alleged offenses were allied offenses of similar import, motivated by a single animus.
R.C. 2941.25 provides:
 (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 (B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
When determining whether two or more offenses are allied offenses of similar import, "[c]ourts should assess, by aligning the elements of each crime in the abstract, whether the statutory elements of the crimes `correspond to such a degree that the commission of one crime will result in the commission of the other.' * * * And if the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus." State v. Rance (1999), 85 Ohio St.3d 632, 638-639.
The offenses of tampering with evidence under R.C. 2921.12(A)(1) and possession of drugs under R.C. 2925.11 are clearly not allied offenses of similar import, as the offenses contain dissimilar elements. Tampering with evidence requires the offender to alter, destroy, or conceal a thing, knowing that an official investigation is in progress or is likely to be instituted. R.C. 2929.12(A)(1). Possession of drugs requires that the offender knowingly obtain, possess or use a controlled substance. R.C. 2921.12(A)(1) and R.C. 2925.11 do not correspond to any degree, such that the commission of one crime will result in the commission of the other. The offenses are therefore not allied offenses of similar import and appellant's convictions for both offenses did not violate R.C. 2941.25. Accordingly, trial counsel was not ineffective for failing to raise this issue at trial. The assignment of error is overruled.
Assignment of Error No. 4:
THE COURT COMMITTED PLAIN ERROR.
 In his final assignment of error, appellant contends that the trial court committed plain error by failing 1) to instruct the jury to disregard hearsay testimony, 2) to dismiss the tampering charge sua sponte upon the conclusion of the state's case because the "investigation" element was not supported by the evidence, and 3) that the convictions violated R.C. 2941.25.
Appellant again fails to provide an authoritative argument demonstrating that this contention has merit. He has failed to comply with the App.R. 16(A)(7) requirement that an appellant's brief contain reasons in support of the contentions, with citations of the authorities, statutes, and parts of the record on which appellant relies. As well, as discussed in the resolution of appellant's previous assignments of error, each of these contentions is without merit. Accordingly, the assignment of error is overruled.
Judgment affirmed.
VALEN, P.J., and POWELL, J., concur.